On Rehearing.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
A rehearing was granted herein for a reconsideration of the distribution of workmen’s compensation arising from the death of Thess Ivory. The question relates to the distribution of the compensation as between the three legitimate children of Thess Ivory and three illegitimate minors who were living in the home with him and Essie Lee Bishop, who lived in open concubinage. Two of these illegitimates were offspring of this illicit relationship and the third an offspring of an illicit relationship of the said Essie Lee Bishop and another man.
Plaintiff’s insurer, in a specification of errors, contends that the court erred in its original opinion in these respects: (1) In holding that the three illegitimate minors were children as defined by LSA-R.S. 23 :- 1021(3) and, as such, conclusively presumed to have been wholly and actually dependent upon the decedent under the provisions of LSA-R.S. 23:1251(3); (2) in determining, as a fact, that the three illegitimate minors were actually and wholly dependent upon the decedent at the time of his accidental death; and (3) in holding that the claims of the wholly-dependent, legitimate children did not exclude the claims of the illegitimate minors for the reason that (a), if said illegitimate minors were only partially dependent upon the decedent, their claims are excluded because there are a sufficient number of the legitimate children — ■ dependents — to consume the maximum compensation and (b), if said illegitimate minors were wholly dependent upon the deceased, their claims are excluded because there are a sufficient number of the legitimate children who are wholly dependent and members of a preferred class under the provisions of LSA-R.S. 23 :1232 to consume the maximum compensation payable. Thus, the contention is made that, after the legitimate children shall have attained the age of 18 years, or have, by marriage or death, become ineligible to receive compensation, the compensation discontinued as to them, or either of them, shall terminate and not thereafter be distributed among, or paid to, the illegitimate minors who, it is claimed, are members of a class of dependents inferior to that of the legitimate children.
The facts are deemed sufficiently stated in our original opinion and will not be repeated except where necessary to an understanding of the resolution of the issues presented on this rehearing.
As to the first of plaintiff’s specifications, after reconsideration of the provisions of the statute and the jurisprudence on the subject, we conclude that the three illegitimate minors are not children within the meaning of the statute as relates to the conclusive presumption of dependency. The definition of a child, as that term is used throughout the Workmen’s Compensation Statute, is contained in LSA-R.S. 23:1021(3) and reads as follows:
“ ‘Child’ or ‘Children’ covers only legitimate children, stepchildren, posthumous children, adopted children, and illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204, and 205.”
No contention is made that either of these illegitimate minors of the deceased was ever acknowledged by him in accordance *899 with the aforesaid codal provisions. Since they were not so acknowledged, they do not come within the definition of “child” or “children” as set forth in the aforesaid provision of the statute.
Nor do they enjoy the presumption of ■dependency under the provisions of LSA-R.S. 23:1251(3), which section of the statute, in defining persons conclusively presumed dependents, includes:
“A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent.” (Emphasis supplied.)
The only basis upon which these illegitimate minors may assert claims for compensation because of the accidental death of the decedent is that they were, at the time of his accidental death, dependent members of the family of the deceased; if so, they are classified as “other dependents” under the provisions of LSA-R.S. 23:1232(8). It was held, in Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842, that a person claiming compensation for the death of an employee, if he was a dependent member of the employee’s family, need not have borne such relationship to the deceased employee as to be conclusively presumed to be wholly and actually dependent upon the deceased employee for support; and that, where the claimant for compensation in such instances is an illegitimate child but a dependent member of the deceased’s family at the time of his accident and death, he is entitled to compensation notwithstanding the fact that he was not acknowledged by the employee in accordance with the requirements of the LSA-Civil Code. And, it was accordingly held that the term “legal dependent,” as used in the compensation act, means a dependent who is legally entitled to compensation under the statute and is applicable to actually dependent members of the family of the deceased employee as well as to surviving relations who are conclusively presumed to have been dependent upon his earnings for support.
Therefore, inasmuch as the illegitimate minors are not conclusively presumed to have been dependent upon the decedent, the question of their legal and actual dependency must be determined in accordance with the facts existing at the time of the accident and death of the employee. LSA-R.S. 23:1252. The facts, which we do not deem necessary to relate, sufficiently establish the actual and entire dependency of these minors upon the employee at the time of his accidental death.
Therefore, we reaffirm our opinion that these illegitimate minors, members of the household of the decedent, were wholly and actually dependent upon him for support at the time of his accidental death and are, therefore, properly and correctly classified as “other dependents” under the classification or schedule of the statute. LSA-R.S. 23:1232(8).
We conclude, too, that the legitimate children of the deceased are likewise not conclusively presumed to be wholly dependent upon the deceased as they were not living with him at the time of his accidental death, as required under the provisions of LSA-R.S. 23:1251 (3) which we have heretofore quoted. Therefore, the right to claim compensation as the result of their father’s death is dependent upon the establishment, by adequate proof, of their actual dependency. Our review of the evidence in this regard confirms our opinion that they established their actual dependency upon their father by sufficient and adequate proof.
Thus, we find and conclude that both legitimate and illegitimate claimants to compensation were wholly and actually dependent upon the deceased employee at the time of his accidental death and, therefore, that plaintiff’s second specification of error is without merit.
Nor do we find any merit in plaintiff’s third specification of error. The first of *900 the bases therefor is without application in that the illegitimate children were not partially but actually and wholly dependent upon the employee. Nor are their claims excluded because of the existence of a sufficient number of legitimate children wholly dependent and members of a preferred class entitled, during a limited period, to the payment of compensation at the maximum statutory rate.
It was held, in Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177, 179, that the entire maximum compensation for death payable under the Workmen’s Compensation Act, should be paid whenever there are sufficient total dependents entitled to such compensation under the statutory schedule of payments and classification of dependents entitled thereto; and the existence of a member, or members, of a preferred class under such schedule does not foreclose the rights of those in the next succeeding class so long as the maximum compensation remains unabsorbed. The position of the plaintiff there is the same as taken by the plaintiff here. In the course of its opinion, the court stated:
“Plaintiff takes the position that the Legislature in the mentioned schedule has placed the various dependents in classes, and, by virtue of the particular language employed (‘If there are neither * * * then * * *'), has ranked them, so that the mere existence of members of a superior class will preclude the rights of those of an inferior class. Then, with this as a basis, the argument is advanced that these illegitimate children, classified only as ‘other dependents’ under subdivision (8) of the schedule, are entitled to nothing because of decedent’s legal widow who is in a preferred class.
“In determining this litigation we must consider not only the section of the Employers’ Liability Act on which plaintiff relies but also other pertinent provisions of the statute dealing with the matter of dependency. All of the statutory provisions, moreover, are to be given a liberal construction and their purpose and intent ascertained. McDonald v. Louisiana, Arkansas & Texas Transportation Co., La.App., 28 So.2d 502; Patin v. T. L. James & Co., Inc., 218 La. 949, 51 So.2d 586.
“Other provisions of the statute pertinent here are to be found in LSA-R.S. Title 23, Sections 1251 and 1252. The first of these sections lists those persons who, on the existence of certain circumstances, are conclusively presumed to be wholly and actually dependent upon the deceased employee, they being a wife, a husband, and a child. The second or following section recites:
“ ‘In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; m such other cases if there are a sufficient number of persoris wholly dependent to take up the maximum compensation, the death benefit shall be divided * * * among them, and persons partially dependent, if any, shall receive no part thereof.’ (Italics ours.)
“These provisions, particularly the emphasized portion of LSA-R.S. 23 :- 1252, suggest an intention on the part of the Legislature that the maximum compensation should be paid to the various total dependents (including parents, brothers, sisters, grandparents, and all other members of the family), if sufficient in number to absorb it, in preference to partial dependents. And when such provisions are considered in connection with LSA-R.S. 23:1232, on which plaintiff relies, it appears that the latter purposes (1) to place the total dependents in classes, and (2) to give preference for the scheduled payments to the respective classes in the order named to the extent of the maximum Compensation, members of an *901 inferior class taking only so much thereof as remains after payment to those in the preferred classes.
***** *
“Particularly significant, and further indicating an intention of the Legislature for an allocation among total dependents of compensation to the extent of the maximum (as above outlined), is the use of the word ‘divided’ in the initial sentence of the schedule itself. Under plaintiff’s theory, which is that payment to a preferred beneficiary precludes recovery by dependents in inferior classes, there would be no necessity for making any division whenever the decedent leaves a widow without children, for the widow would receive the stipulated 32y£% of wages and nothing would remain to be divided. The word ‘divided’ in that situation would be meaningless.
“Important to notice also is the last sentence of the above quoted schedule of payments. The sentence follpws the various provisions relating to the widow, widower, children, parents, brothers and sisters. Although contained in subdivision (8) of the schedule, it is not specifically restricted thereto. Rather, it appears to be applicable to the entire schedule; and, assuming this to be correct, it seems to contemplate the payment of the maximum compensation in the event there are sufficient eligible dependents in the several classes to absorb it.
“True, as plaintiff points out, subdivisions (7) and (8) of the schedule commence with the language ‘If there are neither widow, widower, nor child’. But such language, obviously, is not used in the sense of making the awards to subordinates contingent on the nonexistence of all listed preferred dependents. The awards stipulated for the inferior classes range as high as 65% of the wages, and the mentioned language undoubtedly is employed with the view of permitting that entire maximum to be paid where or when or in the event there is no superior beneficiary to take a part of it. An inferior class, in other words, may recover the full allotment if or when to do so would not infringe on benefits stipulated for preferred claimants.”
In McDonald v. Louisiana, Arkansas & Texas Transp. Co., La.App.2d Cir., 1946, 28 So.2d 502, this court stated' that it was unquestionably the intention of the statute to provide for the payment of the maximum compensation in the event of the existence of either- total or partial dependents or both, and that, so long as there exists any remainder of the maximum compensation which is unabsorbed by payments made to dependents of one class, it must be held available for payment to, and distribution among, the members of the next succeeding class of dependents.
Hence, we conclude and so hold that the compensation payable in the instant case shall be payable to, and for the use and benefit of, the three legitimate minors until they attain their eighteenth birthdays or until compensation payments are otherwise terminated as to them or any of them; and that, accordingly, as and when the maximum compensation payable is not consumed by the members of that class of claimants, then the difference or the remainder shall be payable to, and for the use and benefit of, the illegitimate dependents until the expiration of the statutory period of 400 weeks.
Hence, until January 27, 1959, when the oldest of the three legitimate children, Bobby Ray Ivory, attained the age of 18 years, his preferred class of claimants should be paid the maximum compensation at the rate of 65% of the decedent’s weekly wage of $48, or $31.20; that, thereafter, until the second of said children, Prentis Edward Ivory, attained the age of 18 years on June 23, 1960, he and the remaining child of said preferred class, Bernice Ivory, should receive 46^4% of the aforesaid *902 wages, or the sum of $22.20 per week. The difference between said weekly compensation and the maximum payable, of $9, should be payable to and for the use and benefit of the class of claimants second in rank wholly dependent upon the deceased; and, from June 23, 1960, to June 11, 1961, when Bernice Ivory shall have attained the age of 18 years, she should be paid 32^% of the aforesaid wage, or $15.60, with the remainder of the maximum compensation, in the sum of $15.60, likewise payable to the class of dependents second in rank; and, thereafter, the second class dependents —the three illegitimate minors — recover the whole of the maximum compensation payable at the statutory rate of 65% of the weekly wage, or $31.20, from and after June 11, 1961, until May 9, 1964, when Larry Clay Bishop will have attained the age of 18 years, after which, until the expiration of the maximum statutory period of 400 weeks, compensation at the rate of 46%% of the weekly aforesaid wage, or the sum of $22.20, should be payable to or for the use and benefit of the minors, Wallace Gene Bishop and Robert Lee Ivory, subject, of course, to any adjustments or modifications that may, in the meantime, result from a termination of the payments of compensation to any one of said claimants by reason of marriage, death, or otherwise.
Accordingly, for the reasons herein assigned and assigned in our original opinion, the judgment appealed is amended and recast to read as follows:
It is therefore ordered, adjudged and decreed there be judgment herein in favor of Annie Mae Ivory, individually and against The Fidelity & Casualty Company of New York, in the full sum of $600, representing the funeral expenses of the decedent, Thess Ivory, together with interest at the legal rate from date of judicial demand until paid; and that the individual demands of the said Annie Mae Ivory are otherwise rejected.
It is further ordered, adjudged and decreed there be judgment herein against the plaintiff, The Fidelity & Casualty Company of New York, in the sum and for the weekly compensation of $31.20, beginning August 5, 1957, and continuing for a period of 400 weeks, payable as follows: In favor of Annie Mae Ivory as tutrix of the minors, Bobby Ray Ivory, Prentis Edward Ivory, and Bernice Ivory, at the rate of $31.20 per week from August 5, 1957, to January 27, 1959, and, as tutrix of the minors, Prentis Edward Ivory, and Bernice Ivory, at the rate of $31.20 per week from August 5, 1957, to January 27, 1959, and, as tutrix of the minors, Prentis Edward Ivory and Bernice Ivory, at the rate of $22.20 per week from January 27, 1959, to June 23, 1960, and, as tutrix of the minor, Bernice Ivory, at the rate of $15.60 per week from June 23, 1960, to June 11, 1961; and in favor of Essie Lee Bishop for the use and benefit of the minors, Wallace Gene Bishop, Robert Lee Ivory, and Larry Clay Bishop, in the sum of $9 per week from January 27, 1959, to June 23, 1960, and in the sum of $15.60 from June 23, 1960, to June 11, 1961, and in the sum of $31.20 from June 11, 1961, until May 18, 1964, and, thereafter, for the use and benefit of the minors, Wallace Gene Bishop and Robert Lee Ivory, in the sum of $22.20 per week until compensation shall have been paid for the full period of 400 weeks, subject to adjustments and modifications that may result in the termination of compensation for one or more of said claimants in accordance with the statute.
It is further ordered, adjudged and decreed that attorneys’ fees of Max M. Morelock, for his representation of Bobby Ray Ivory, Prentis Edward Ivory, and Bernice Ivory, and for John W. Reynolds, for his representation of the claimants, Wallace Gene Bishop, Robert Lee Ivory, and Larry Clay Bishop, be and they are hereby fixed at the maximum statutory rate, payable respectively from the compensation herein awarded said minors.
It is further ordered, adjudged and decreed that each of the weekly installments of compensation shall bear interest at the *903 legal rate from the maturity of each of said payments until paid.
Costs of this appeal are assessed equally against the claimants; all other costs are assessed against the plaintiff.
Amended and recast.