PONDER, Justice.
 

 The plaintiffs, Charles Archibald, Mrs. Charles Archibald, Mrs. Harry Tauzin and Mrs. Julius Bishop, father-in-law and mother-in-law and two sisters-in-law, respectively, of the deceased employee, Anthony B. Camps, brought suit against the defendants, the Wallace Plumbing Company and its insurer, the Employers’ Liability Assurance Corporation, Ltd., claim
 
 *92
 
 ing compensation under the Workmen’s Compensation Act, Act 20 of 1914, as amended, on the ground that the plaintiffs were dependents, within the contemplation of the Act, of the deceased employee at the time of his death. The defendants interposed exceptions of no right and no cause of action which were 'referred to the merits. Upon trial of the cause, the lower court gave judgment maintaining the exceptions of no right and no cause of action. The judgment was affirmed, on appeal, by the Court of Appeal for the Parish of Orleans. A writ of review was granted by this Court, and the cause is now submitted for our determination.
 

 It is alleged in the plaintiffs’ petition that they were dependent upon the deceased employee for support at the time of his death; that plaintiffs resided in the same house with the deceased employee; that they were members of the deceased employee’s family within the contemplation of the Act; that the deceased employee has no ascendants nor descendants; and that the deceased employee’s wife, Effie Archibald Camps, had predeceased him.
 

 The defendants answered in the nature of a general denial, reserving the benefit of the exceptions. The defendants' position is to the effect that plaintiffs are not entitled to compensation for the reason that at the time of the death of the employee; the plaintiffs were not legal dependents within the contemplation of the Workmen’s Compensation Act.
 

 The question raised by the exceptions is whether, in the absence of blood relatives, a mother-in-law, father-in-laW and sisters-in-law, who lived with the deceased employee prior to his death and who were actually dependent upon him, may recover compensation under the Workmen’s Compensation Act.
 

 The Workmen’s Compensation Act, Act 20 of 1914 as amended, provides in Section 8, subsection 2, Act No. 242 of 1928, p. 358, Dart’s General Statutes, § 4398 (Vol. 3, Page 340), as follows:
 

 “For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum a? hereinafter provided, for a period of three hundred weeks.”
 

 In Paragraph (D) of subsection 2 of ’ the Act, Dart’s General Statutes § 4398 (Vol. 3, Page 340), it is provided:
 

 “No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendent, or brother or sister, or child.”
 

 Paragraph (E) of subsection 2 of the Act, Dart’s General Statutes § 4398 (Vol. 3, Page 341), provides:
 

 “If there be neither widow, widower nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages of deceased, with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half
 
 *94
 
 per centum of wages for one and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents.”
 

 In Paragraph (I) of subsection 2 of the Act, Dart’s General Statutes § 4398 (Vol. 3, Page 342), it is provided:
 

 “In all cases provided for under this Section the relation or dependency must exist at the time of the accident and at the time of death, and the mere expectation or hope of future contribution to support of an alleged dependent by an employee, shall not constitute proof of dependency as a fact.”
 

 The defendants contend that no one can be considered as a legal dependent except a person who, prior to the death of the employee, had the legal right to demand support from him.
 

 From the history of this type of legislation, its purpose is primarily to abolish the Common Law system relating to injuries to employees as inadequate and to substitute a system based on high conceptions of man’s obligations to his fellow man in order that the loss incurred as a result of the employee’s injury might be charged to the industry as an element of the cost of production, so that the bitrden is finally borne by the community in general. Puchner v. Employers’ Liability Assurance Corp., 198 La. 921, 931, 5 So.2d 288.
 

 In subsection 2 of Section 8 of the Act, as above quoted, compensation shall be paid to the legal dependents of the employee actually and wholly dependent upon his earnings for support at the time of his accident and death. The determination of who are to be regarded as legal dependents of an employee must be ascertained from the Act itself.
 

 The legal dependents designated in the statute are members of the family of the deceased employee, or persons bearing to him the relation of husband, widow, lineal ascendant or descendant, brother, sister, or child, who were dependent on him' for support at the1 time of his death.
 

 The plaintiffs’ right to recover compensation rests entirely upon whether or not they are dependent members of the family of the deceased employee within the meaning of the Act.' Just what relationship must exist between individuals to constitute a family or to make each individual a member of the same family depends on the legislative intent in enacting the statute. The various definitions of what constitutes a family are of little aid in determining the legislative intent in the Act under consideration, for the reason that these definitions are usually employed in considering certain legislative enactments and are necessarily limited to the determination of what the law making body intended by the particular statute under consideration.
 

 It is well settled that the Workmen’s Compensation Act is to be liberally construed with the view of carrying out its purposei Undoubtedly, the Legislature intended to allow compensation to those who were dependent ppon an employee for support.
 

 
 *96
 
 From a reading of the various provisions of the Act touching the question of dependency, it is apparent that dependents other than blood relatives are entitled to compensation. The statute provides that certain blood relatives of a deceased employee may be considered dependents, and in addition thereto, the Act provides that persons who are members of the family of the deceased may also be dependents. This, in our opinion, clearly shows that the Legislature intended to give others than those related by blood the right to claim compensation as dependents by reason of their being members of the family of the deceased and dependent upon him for support. Otherwise, the phrase “member of the family” would be meaningless and wholly unnecessary.
 

 In paragraph E of Section 8, subsection 2, of the Act, quoted above, after stating that if there be neither widow, widower or certain blood relatives, provision is made for the payment of compensation to other dependents than those enumerated, without designating who these dependents may be. This clearly shows that the Legislature never intended that “family” was to be given a restricted meaning.
 

 While the precise question now under consideration has not been presented to this .Court prior to this day, yet in other jurisdictions, it has been held that a person to be a member of the family of a decedent within the meaning of the Workmen’s Compensation Act does not need to be a blood relation nor does such person have to bear any of the relationships set out after the word “or” in the above quoted sub-section, Paragraph (D) of Section 8, subsection 2. All that is required is a family or household and the existence of the dependency of a member thereof as illustrated by the facts of the particular case. Duluth-Superior Milling Co. v. Industrial Comm., 226 Wis. 187, 275 N.W. 515, 519; Schurler v. Industrial Comm., 86 Utah 284, 43 P.2d 696, 100 A.L.R. 1085; L. E. Myers Co. v. Noland, 222 Ky. 748, 2 S.W.2d 387; Jones v. Louisville Gas & Elec. Co., 209 Ky. 642, 273 S.W. 494; Harlan v. Industrial Accident Comm., 194 Cal. 352, 228 P. 654; Utah Fuel Co. v. Industrial Comm., of Utah, 64 Utah 328, 230 P. 681; Holmberg v. Cleveland-Cliffs Iron Co., 219 Mich. 204, 189 N.W. 26; Peay v. Fred Kulow & Co., 226 Mich. 512, 197 N.W. 1020; Russell v. Johnson, Ind. App., 42 N.E.2d 392; Schurler v. Industrial Comm., 86 Utah 284, 43 P.2d 696, 100 A.L.R. 1085-1109. See, also, “Workmen’s Compensation In Louisiana,” Marian Mayer, Page 110.
 

 The defendants rely on the case of Beard v. Rickert Rice Mills, 185 La. 55, 168 So. 492. The question presented in that case was whether an illegitimate son of an illegitimate daughter of the deceased employee and his concubine could recover under the Workmen’s Compensation Act This Court in deciding the case held that the plaintiff was not a legal dependent and stated that it was unnecessary to determine whether or not he was actually a member of the deceased employee’s family or actually dependent upon him for support. While we refrain from commenting on the holding in that case, it is Sufficient to say that it is not in point with the present case.
 

 
 *98
 
 For the reasons assigned, the judgment of the lower court and the judgment of the Court of Appeal for the Parish of Orleans are reversed and set aside. The exceptions of no cause and no right of action filed herein are overruled, and the cause is remanded to the lower court to be proceeded with in accordance with the views herein expressed and according to law. The cost of the appeal and review are to be paid by the defendants; all other costs to await final determination of the case.
 

 ODOM, J., concurs in the decree.
 

 ROGERS, J., absent.