In this suit Mrs. Bertha Hamilton, individually and as natural tutrix of her three minor children, Roy, Margie and Marvin Hamilton, alleging total dependency for support upon her son, Earl Hamilton, killed while working for his employer, Big West Drilling Company, a co-partnership, seeks to recover compensation of the employer's insurer, Consolidated Underwriters, for three hundred weeks at the rate of $20 per week, less payments of $3 per week made regularly since the son's death.
In limine, defendant filed exceptions of no cause and no right of action leveled against the alleged right of the brothers and sister to recover compensation of any character since their mother was living and was being paid compensation; and a plea of prematurity against the suit of the mother, predicated upon the assumption that she was being paid all compensation due her under the Employers' Liability Act. The exceptions and the plea were overruled, and reserving its rights thereunder, defendant answered.
The pleadings tender but two questions for decision, to-wit:
1. The character of dependency for sup port of the mother and brothers and sister upon the earnings of the deceased at the *Page 433 
time of the accident and of his death; that is, whether such dependency was total or partial.
2. In either case, does the mother's right to demand and receive compensation for herself individually exclude the minors from so doing?
The court decided and held that the mother and her named children were totally dependent for support upon the deceased son at the time of the accident and of his death; and that the mother had the legal right to recover compensation as tutrix for and on behalf of said minors in addition to that due her individually. Judgment for plaintiff was rendered as prayed for. From this judgment defendant prosecutes the present appeal.
Earl Hamilton was twenty-three years old when he met death, and was not married. His father died in 1934. Mrs. Hamilton did not remarry. At the date of his death the father owned a hill farm of forty acres, which, at that time and since, has been occupied by the mother and her children. The deceased son lived continuously in the family home except for the period of his service in 1941 in the Civilian Conservation Corps, and while employed in the latter part of 1942 and the early part of 1943, some two months, in the City of Monroe, Louisiana. Due to the distance from his home while employed in Monroe he boarded there. At no time did he evince a purpose to nor did he, in fact, abandon the family home as a place of permanent abode. He invariably returned to it after each temporary absence. In the year 1942 he cultivated the open land of the forty acre tract for the family benefit. The land was not cultivated in 1943 excepting some small patches.
While the deceased son was in service in the Civilian Conservation Corps the government paid him $30 per month, $21 of which was sent to his mother and used toward supporting herself and the dependent members of the family. While working in Monroe semi-monthly he returned home and gave his mother amounts in cash for the family's support, such contributions, in view of the smallness of his salary, reflecting a liberal disposition on his part toward those who looked to him for subsistence. He had been working for the drilling company two months when killed. His wages were $8 per day. The testimony discloses that while so employed he lived at home and would daily go to and return from the scene of his work. He contributed to the family support between $75 and $100 per month, and, in addition, frequently brought home groceries.
[1] The record is barren of any testimony that in the remotest degree negatives the contention of total dependency advanced by the plaintiff individually and as tutrix. On the contrary, the record affirmatively sustains that contention.
[2] As, under the Employers' Liability Act, dependency for support to any extent of a mother and/or sister or brother upon the earnings of a deceased son and brother, is not presumed, of necessity such relations carry the onus of proving dependency in whole or part as a condition precedent to recovery of workmen's compensation. That burden has been met in the present case.
Defendant contends that because Earl Hamilton did not contribute the entirety of his monthly wages to his mother she was only partially dependent upon him for support, and to support this position, relies upon the provisions of Subsection 2 of Section 8 of the Employers' Liability Act, Act No. 242 of 1928, p. 386, which prescribe the method by which compensation payments in a case of partial dependency are determined. It is argued, in these circumstances, that $3 per week is the maximum amount due Mrs. Hamilton individually.
[3] We do not think defendant's position sound. It is easy to perceive that if the law on this issue were as contended, absurdities and injustices could and would result. The present case forcefully illustrates this. To so construe the pertinent beneficent provisions of the Employers' Liability Act would do violence to obvious reasons motivating their adoption by the law making power. It suffices if the mother is dependent upon the son and receives from him a respectable amount from his earnings to provide her subsistence.
Defendant argues that the case of Chauvin v. American Mutual Liability Insurance Co., decided by the Orleans Court of Appeal and reported in 17 La. App. 187, 134 So. 450, sustains its contention. The case is not in point. That suit was instituted by the mother and two sisters of Louis Chauvin to recover compensation on account of his death. The suit of the sisters was abandoned at the beginning of trial. It *Page 434 
was alleged and proven on trial that the mother was only partially dependent upon the deceased son for support. These facts clearly differentiate that case from the instant one.
The exceptions of no cause and no right of action are based upon paragraphs 7 and 8, Division (E), Subsection 2, Section 8 of the Employers' Liability Act, Act No. 242 of 1928, p. 387, which, with the preamble, so far as pertinent, read:
"Payment to such dependents shall be computed and divided among them on the following basis.
* * * * * *
"If there be neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there be both father and Mother, sixty-five per centum of wages.
"If there be neither widow, widower nor child, nor dependentparent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages of deceased, with eleven per centum additional for each brother or sister in excess of one."
It is argued that the words "nor dependent parent entitled to compensation", when studied in the light of the context, have the effect of barring brothers and sisters from claiming compensation if there exists a dependent parent entitled thereto. This construction of this portion of the statute is correct, and if there were no other provisions therein on the subject the mother's right to compensation would undoubtedly exclude the dependent brothers and sisters from claiming any.
It was held by this court in Kirby et al. v. Crystal Oil Refining Corporation, 11 La. App. 562, 123 So. 432, that the dependent father only was given a right to recover compensation on account of the death of a son, the mother having previously died. The dependent sister's suit for compensation was rejected. The court specifically held that the provisions of Act 85 of 1926 were controlling of the question; not those of Act 216 of 1924. In this case, however, the contention was not made that the deceased was a member of the family composed of himself, his father and sister, who were totally dependent upon him for support.
But appellees argue that the following provisions of the Employers' Liability Act should and do prevail over those quoted above, relied upon by appellant, to-wit:
1. Subsection 2 of Section 8, Act No. 242 of 1928, p. 386, which reads:
"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of three hundred weeks."
2. That portion of paragraph (D), Subsection 2, of Section 8 of the Employers' Liability Act, Act No. 242 of 1928, p. 386, which reads as follows:
"No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child."
And they cite as favoring their position Archibald v. Employers' Liability Assurance Corporation, 202 La. 89,11 So.2d 492, 493.
[4] In the present case the deceased brother admittedly was a member of the family with whom he lived; in addition the claimants for compensation on account of his death are his mother, brothers and sister, blood relations. Therefore, all of them within the meaning of this provision of the statute may be denominated "legal dependents" of the deceased if the facts warrant fixation of that status. We have so found.
In addition to being a member of the family, in reality the deceased son's relation to, for all legal intents and purposes, was that of head. He was the bread winner and to him the mother, brothers and sister looked, not for luxuries, but for the necessities of life. He met the responsibility squarely and discharged it.
In the Archibald case, supra, the court quoted and considered the several provisions of the Employers' Liability Act that we have above quoted. In that case the father-in-law, mother-in-law and two sisters-in-law of the deceased sued for compensation, alleging total dependency for support upon the earnings of the deceased. The District Court sustained exceptions of no cause and no right of action. This judgment was affirmed by the Orleans Court of Appeal, but both judgments were reversed *Page 435 
by the Supreme Court under writ of review. The case was remanded for further proceedings.
Justice Ponder, as the organ of the court, in that case held that the deceased workman was a member of the family composed of his father-in-law, his mother-in-law and two sisters-in-law, and, as disclosed from the face of the petition, each was dependent upon the deceased for support at the time of his death, compensation was recoverable by them. We think that case decisive of the present one. In fact, the present case is much stronger for the compensation claimants than in the Archibald case.
It would be quite inconsistent and certainly contrary to the underlying philosophy of the Employers' Liability Act to hold that under the general provisions thereof the dependent "in-laws", constituting the family of a deceased workman, could recover compensation on account of his death and in the same breath deny that right to blood relations, such as sisters and brothers, under eighteen years of age, who likewise were members of the family and were dependent for support upon the earnings of a deceased brother.
[5,6] In the Archibald case the court repeated the canon of interpretation uniformly followed by the courts of this state with regard to the Employers' Liability Act, in this language:
"It is well settled that the Workmen's Compensation Act is to be liberally construed with the view of carrying out its purpose. Undoubtedly, the Legislature intended to allow compensation to those who were dependent upon an employee for support."
It also said:
"In subsection 2 of Section 8 of the Act, as above quoted, compensation shall be paid to the legal dependents of the employee actually and wholly dependent upon his earnings for support at the time of his accident and death. The determination of who are to be regarded as legal dependents of an employee must be ascertained from the Act itself.
"The legal dependents designated in the statute are membersof the family of the deceased employee, or persons bearing tohim the relation of husband, widow, lineal ascendant ordescendant, brother, sister, or child, who were dependent onhim for support at the time of his death.
"The plaintiffs' right to recover compensation rests entirely upon whether or not they are dependent members of the family of the deceased employee within the meaning of the Act. * * *"
For the reasons herein assigned, the rulings of the lower court on the exceptions and plea are approved and the judgment appealed from is affirmed with costs. *Page 512