Plaintiffs, who brought this suit for compensation, are the father and mother of their deceased son, Jack McDonald, who was accidentally killed while acting within the course and scope of his employment.
The defendants are the Louisiana, Arkansas Texas Transportation Company, employer of the decedent, its insurer, and pro forma, the wife of the decedent as tutrix of his minor son.
There being no issue as to the facts involved, the sole question turning upon an interpretation of the law, the case was tried upon a stipulation of fact, and there was judgment for plaintiffs, from which judgment defendants, Louisiana, Arkansas Texas Transportation Company and its insurer, Fidelity Casualty Company of New York, have appealed.
Jack McDonald, employed as a driver of a freight and mail truck in the service of the Louisiana, Arkansas Texas Transportation Company, was accidentally killed on December 14, 1944. Decedent was married to Anna Polito on February 7, 1941, to which marriage one child, Jack Ray McDonald, was born on November 3, 1942. In proceedings before the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, Mrs. Anna Polito McDonald was granted a judgment of divorce, together with the permanent care, control and custody of the minor child, on February 16, 1944.
No compensation being due the divorced spouse, payment of compensation in the sum of $14.63 per week, based on 32 1/2% of the employee's weekly wages, is presently being paid to the widow as tutrix for the minor child. *Page 503 
Plaintiffs, who were shown to be partially dependent upon the earnings of their son for their support, are claiming compensation in the amount represented by the difference between compensation actually being paid in the sum of $14.63 per week and the $20 maximum weekly payment provided by statute.
Briefly stated, the defense to this action is based upon the proposition that payment of compensation to a minor child who is a member of a preferred class precludes the right to compensation on the part of any dependents of a subordinate class.
[1] In this Court defendant has filed an exception of no cause or right of action which tenders the proposition above stated. Since a determination of the same proposition is involved in a consideration of the judgment rendered on the merits of the case, we see no need for a discussion of the exception, inasmuch as it must stand or fall under the same interpretation of the same proposition of law which is presented on the merits.
The gist of defendant's contention is that a surviving parent, of parents, are entitled to compensation only in default of the existence of rights to compensation by a surviving spouse or a dependent minor child or children.
[2] We willingly concede that the provisions of the Workman's Compensation Act, as amended, which bear upon this proposition, are to some considerable degree ambiguous and confusing. Learned counsel for defendants has ably presented those portions of the Act which appear to support his argument. However, we here reiterate the proposition that the intent and purpose of the Act must be determined from a consideration of the entire text and not by isolated or selected provisions thereof.
It is true that dependents, presumptions of dependency, and the schedule of payments to dependents, to be found in Section 8 of Act No. 20 of 1914, as amended, Section 4398, Dart's Louisiana General Statutes, would appear to be there set forth in accordance with classes. It is further true that the wording of subparagraph 7 under paragraph (E), subsection 2, of said section, Act No. 242 of 1928, p. 360, "If there be neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there be both father and Mother, sixty-five per centum of wages," taken alone would indicate an establishment of classes with reference to which the member or members of a superior class would preclude the rights of members of an inferior class. But that this is not the intent of the Act is to our minds conclusively established by the phraseology employed in paragraph (D) of the same section:
"In case there are both surviving wife and child or children, or surviving husband and child or children entitled to compensation, the compensation due under this act shall be paid entirely to the surviving husband or surviving wife for the common benefit of such wife or husband and the child or children. In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; and in such other cases if there are asufficient number of persons wholly dependent to take up themaximum compensation under this act, the death benefit shall bedivided equally among them, and persons partially dependent, ifany, shall receive no part thereof; if there is no one wholly dependent and more than one person partially dependent, so much of the death benefit as each is entitled to under this act shall be divided among them according to the relative extent of their dependency." (Emphasis by the court)
[3, 4] The emphasized portion of the above quoted provision unquestionably indicates the intention of the statute to provide for the payment of the maximum compensation, that is, sixty-five per centum of the wages, or $20 per week, whichever is greater, in the event of the existence of either total or partial dependents, or both. Accordingly, so long as there exists any remainder of the maximum which is unabsorbed by payments made to dependents of one class, it must be held available for payment to and distribution among the members of the next succeeding class of dependents. *Page 504 
We feel that this interpretation is not only justified by the act itself but is strengthened and supported by pronouncements to be found in the opinion of the Supreme Court of Louisiana in Archibald v. Employers Liability Assurance Corporation,202 La. 89, 11 So.2d 492, and the opinion of this Court in Hamilton v. Consolidated Underwriters, La. App., 21 So.2d 432.
In reviewing this case we find a slight mathematical error in the judgment, which while relatively unimportant, should be corrected. While the judgment provides for payment to plaintiffs, in solido, the amount of $5.37 each week, it further divides the payments to each of plaintiffs in the sum of $2.66 per week. It is obvious that the amount decreed to be paid to each of the plaintiffs should be $2.68 1/2, and, accordingly, the judgment should be, and is, amended to so provide.
For the reasons assigned, the judgment appealed from is amended to the extent above set forth, and, as amended, is affirmed at appellant's cost.