JOHNSON, Judge.
Defendant appeals from a judgment awarding plaintiff workmen’s compensation of $35.00 per week for a period not to exceed 400 weeks. Plaintiff filed suit, individually and as tutrix of four of her minor children, to recover for the death of her brother-in-law, alleging she and her four minor children were dependent members of decedent’s household.
The decedent, Merlin N. Schmidt, a firefighter with the New Orleans Fire Department, collapsed and died at the scene of a fire, in the course of his employment, on October 28, 1960. Death was attributed to an occlusion of the right coronary by intramural hemorrhage and recent thrombus.
The record, including uncontradicted medical testimony, is convincing that decedent died as the result of his activities in fighting the fire.
*96 The point to be decided is whether plaintiff and her four minor children are entitled to recover in Workmen’s Compensation for decedent’s death, and if so, how much. Decedent’s minor daughter by his marriage to her mother, from whom he was divorced in 1945, filed an intervention claiming the benefits of a lawful child of the deceased. The intervention was dismissed by the trial court, and no appeal was taken from that judgment of dismissal. Accordingly, the minor daughter’s right of recovery is not before this court.
The claim of plaintiff and her four minor children is not based upon blood relationship to the decedent but upon the fact that they were dependent upon him for support. The decision in Archibald v. Employers’ Liability Assurance Corporation, 202 La. 89, 11 So. 2d 492, 494, in awarding compensation to a decedent’s in-laws, held: “All that is required is a family or household and the existence of the dependency of a member thereof as illustrated by the facts of the particular case.” LSA-R.S. 23:1252, referring to persons other than those conclusively pronounced dependents, reads in part as follows: “In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death * * * ” Malone’s Louisiana Workmen’s Compensation Law and Practice, at page 378, recites: “It follows that proof of dependency is essential to recovery * * * all claimants must prove dependency as a matter of fact. They must establish a need for the financial contributions of the deceased and also the fact that such contributions were made by him during the year preceding the fatal accident.”
Accordingly, the right of recovery of the claimants in the instant case is a matter of proof that they were actually dependent upon the decedent for their support, in whole or in part.
The record reveals that decedent lived with his brother and his wife and children for approximately eleven years before his brother died, paying board in an average amount of $25.00 per month to his brother and his sister-in-law. Upon his brother’s demise about two years ago, decedent remained with his brother’s family and began giving his sister-in-law $100 a month for his board and toward the support of these four children. Decedent would also buy clothes, shoes and medicine for the children and frequently give them school money. Further he utilized his personal automobile in household errands and for the children’s pleasure. Decedent’s Employee’s Withholding Exemption Certificate, filed with the New Orleans Fire Department, listed the four children as his dependents.
Plaintiff testified that her monthly income totaled $138.60, consisting of a $50 pension from the Fire Department as the result of her husband’s death, $66.40 social security for her children and $22.20 social security for herself. Her rent itself was $55 per month.
Plaintiff makes this claim for compensation for herself individually and on behalf of her four minor children. While the testimony does not say in exact words, it is a fair appraisal of it to conclude that on his brother’s death, decedent assumed the position of head of the family and seeing the need, he commenced and continued to contribute $100 per month to the partial support of the four children. The evidence is specific that the money went toward the support of the children. There is no testimony whatever that any amount went toward the support of the mother. The judgment includes the mother and it will have to be amended to eliminate her.
LSA-R.S. 23:1231 provides the manner to determine the amount of the weekly compensation when the amount of the partial contribution and decedent’s weekly wages are known. The decedent earned $316 per month. In addition to the support contributed in money, decedent bought groceries, clothes and used his automobile for the benefit of the children. No attempt was *97 made to place a value on these things. Therefore, the proof being indefinite in that respect, each child will be entitled to recover the minimum award of $10 each. As the total thus awarded would exceed the maximum benefits allowed under the Workmen’s Compensation Law, it has to be reduced to the maximum of $35 per week for a period not to exceed 400 weeks. Flanagan v. A L & W Moore Trucking Contractors, La.App., 100 So.2d 289; Thomas v. St. Paul Mercury Indemnity Co., La.App., 88 So.2d 737.
For the above reasons, the judgment appealed from insofar as it awards compensation to Mrs. Stella Thebault Schmidt, individually, is reversed and the judgment is amended so as to run in favor of the City of New Orleans dismissing the claim of Mrs. Stella Thebault Schmidt, individually.
And as thus amended and in all other respects, the judgment is affirmed.
Amended and affirmed in part. Reversed in part.