HARDY, Judge.
This is a compensation suit by the surviving spouse of Mack King, who was allegedly fatally injured while employed by *78 defendant, McCoy Brothers Lumber Company, Inc. The employer’s insurer was joined as a party defendant. An exception of no cause nor right of action and a plea of prescription were interposed by defendants. After the taking of evidence on the exception of no right of action there was judgment sustaining the same and dismissing plaintiff’s suit, from which judgment she prosecutes this appeal.
The exception is based upon the contention that the plaintiff was neither the legal nor the good faith putative wife of the decedent. There is no real ground for dispute as to the applicable legal principles and the primary issue presented by this appeal is factual and relates to a determination as to whether the record sustains the conclusion that plaintiff’s alleged marriage to decedent was made in bad faith.
Counsel stipulated' certain facts in connection with the claim of this plaintiff originally asserted in Texas. McKinley King— more commonly known as Mack King— suffered an accident in Shelby County, Texas, on May 23, 1957, resulting in instantaneous death, while allegedly employed by McCoy Brothers Lumber Company, Inc.; plaintiff filed a claim for compensation benefits with the Industrial Accident Board of the State of Texas on August 24, 1957, which was dismissed by said agency on September 16, 1957; plaintiff filed suit in the District Court of Shelby County, Texas, against Consolidated Underwriters, as the insurer of decedent’s employer, on September 25, 1957, and was awarded judgment for compensation, which judgment on appeal, was affirmed by the Court of Civil Appeals on December 17, 1958; writ of error was granted by the Supreme Court, which rendered judgment on June 10, 1959, reversing the judgment appealed from and remanding the suit to the trial court with instructions for dismissal of plaintiff’s claims; plaintiff’s application for writ of certiorari to the Supreme Court of the United States was denied on December 14, 1959, and this suit was instituted in the District Court of De Soto Parish on January 20, 1960.
On trial of the exception of no right of action, it was established that plaintiff’s alleged marriage to Mack King was her fourth marital venture. She was first married to one Jim Turner, which marriage was terminated by a divorce procured by the husband; thereafter plaintiff married Charley Partner, with whom she lived until he was sentenced to the penitentiary; plaintiff testified that, believing Partner was dead, on the basis of purely hearsay information, she subsequently married L. C. Jones in 1937, with whom she lived for a period of years in the State of Texas and from whom she separated and returned to reside in De Soto Parish; in October, 1942, plaintiff received a copy of a petition for divorce which had been filed by Jones in the District Court of Angelina County, Texas; after consultation with her lawyer in Mansfield plaintiff executed a waiver of citation and consent to the divorce on October 24, 1942, and two days later married the decedent; the judgment of divorce in favor of Jones was granted on March 27, 1943.
On the basis of the establishment of the above facts, and in consideration of the testimony with reference thereto, the trial judge, for reasons assigned in a written opinion, concluded that plaintiff’s bad faith in connection with her alleged marriage to the decedent barred her from recovery of compensation.
Counsel for appellant assigns error on the part of the trial court in holding that plaintiff was not. in good faith at the time she married the decedent, Mack King, and, in support of this complaint as to the conclusion reached, urges that the court failed to accord legal presumption of good faith, and, further, that the burden of proof was upon the party attacking plaintiff’s asserted status of legal or putative wife, which burden was not discharged by the defendants in this case.
 The identical points as to the effect of a legal presumption of good faith and the burden of proof in cases of this nature have recently been thoroughly dis *79 cussed in an opinion of this court in Succession of Davis, La.App., 142 So.2d 481. The conclusions reached by the court in the cited case, after consideration of the jurisprudence bearing thereon, were, first, that the presumption of good faith under LSA-C.C. Article 117 is construed as meaning an honest and reasonable belief that the questionable marriage at the time of its confection was a valid one, and, second, that the burden of proof as to good faith must be borne by the party attacking a marriage only in those cases where the party to such a status is “innocent.” The court concluded, on the basis of these principles, that the showing of prior undissolved marriages which affected the status of good faith cast the burden of establishing validity upon the party asserting the same.
Under the facts of the instant case it is convincingly established that at the time of the performance of the so-called marriage ceremony between the plaintiff and the decedent, Mack King, the plaintiff was under the legal incapacity to contract a valid marriage, inasmuch as neither her marriage to Partner nor her marriage to Jones had been legally dissolved by death or divorce. Plaintiff had no basis for an honest and reasonable belief that the “marriage” to decedent was valid, and, therefore cannot possibly be considered as having been an innocent party thereto.
This case does not present a situation which involves a person of such limited education or understanding as might excuse the action taken on the ground of sheer ignorance. This plaintiff is shown to have been a woman of mature age at the time of her so-called marriage to decedent, and she had received an eighth grade education. Examination of the undisputed facts discloses that plaintiff “married” her third husband, Jones, when she well knew that she had not been divorced from her second husband, Charley Partner. According to her testimony, she had heard that Partner was dead, but any reliance upon the purely hearsay nature of this information was completely unjustified. At the time of plaintiff’s asserted marriage to decedent on October 26, 1942, she also knew that her marriage to Jones had not been dissolved. The explanation which she attempted in her testimony was that her lawyer, at the time she signed the waiver of citation and consent on October 24th, advised her that she was free to marry again. This testimony is not only patently unbelievable, but the attorney himself testified on trial of the exception that he would not, under any circumstances, have given plaintiff such advice.
The conclusion is inescapable that plaintiff’s alleged marriage to decedent was not only an absolute nullity but, further, that she was in bad faith in connection therewith.
The novel argument is advanced by counsel for plaintiff, somewhat in the alternative, that if plaintiff’s marriage to the second husband, Partner, had not been dissolved by death or divorce, the marriage to Jones was an absolute nullity, and, therefore was not a legal bar to her marriage to King. In this connection, it must be noted that the record establishes the fact that Partner did not die until sometime during the year 1949. We reject counsel’s argument for the reason that it has no valid effect upon the unquestionable conclusion as to plaintiff’s bad faith. If plaintiff acted upon hearsay information as to Partner’s death, then she was in bad faith with respect to both of her subsequent alliances with Jones and King; and, if she relies upon the fact that Partner was not dead, then the degree of her bad faith is doubly compounded by her invalid marriage to Jones and King.
We find no error in the judgment sustaining the exception of no right of action. As was observed by the trial judge, this finding obviates the necessity of considering the plea of prescription, though we observe, en passant, that such plea appears to be serious and meritorious.
*80 For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.