AYRES, Judge.
This is an action for workmen's compensation instituted by plaintiff as the administrator of the estate of his minor daughter, Doris Marie Turner. The defendant is the compensation insurer of McCoy Brothers Lumber Company, Inc., formerly the employer of one McKinley King who was accidentally killed while performing duties within the course and scope of his employment.
The claim asserted by plaintiff on behalf of his minor daughter is predicated upon the contention that the minor was a member of the household of McKinley King at the time of his accident and death, and dependent upon him for support. Other allegations of plaintiff’s petition negated the existence of other dependents. The widow was denied recovery in King v. McCoy Brothers Lumber Company, La.App., 2d Cir. 1962, 147 So.2d 77.
To plaintiff’s action, defendant filed pleas of one year’s prescription and of two years’ peremption, exceptions of no cause and of no right of action, and an answer placing at issue plaintiff’s allegations of fact. The pleas of prescription and of peremption and the exception of no cause of action were overruled. The exception of no right of action was referred to the merits. On trial of the merits of the case, the exception of no right of action was likewise overruled and there was judgment awarding compensation at the rate of 32.5% of King’s weekly wage, or in the sum of $17.55 per week for a period of 400 weeks. From the judgment, defendant appealed and now reurges the pleas of prescription and of peremption and the exceptions of no cause and of no right of action, as well as its alternative plea relating to the amount of compensation.
The minor on whose behalf compensation is sought is a child of the marriage of plaintiff and Fannie Lee Turner, who have continued, since their marriage, to live together as husband and wife. Turner, with his wife and other children, has occupied a small residence located on a 20-acre tract of land owned by Turner’s mother, Angie Jones Turner King, who lives nearby on the same tract.
For several years prior to the birth of the minor, Doris Marie Turner, her grandmother lived, under a bigamous marriage, with McKinley King. The house in which they lived was the property of the grandmother. King, however, occupied the position as head and master of the home. His earnings constituted the principal source of income and support although supplemented at intervals by the wife’s earnings.
The record supports the conclusion of the trial court that the minor constituted a dependent member of King’s household. When nine months of age, the minor was placed with her grandmother. There she continued to live until King’s death, when she was approximately six years of age. From King’s wages,'food and clothing were provided. The minor was reared and provided for as a member of the family, and, as such, was placed in school and accompanied to church. These facts are abundantly established by the testimony, not only from those who may be said to have an interest in this litigation but from several disinterested witnesses who were in position to know the facts. During the period in which the minor lived with her grandmother and King, no support was provided by her father.
The legal question involved is whether Doris Marie Turner was, within the contemplation of the Workmen’s Compensation Act, a dependent member of King’s household at the time of his accident and death. This minor, of course, does not come within the provisions of the statute, LSA-R.S. 23 :- 1251, relating to persons conclusively presumed to be dependents. In all other cases the question of legal and actual dependency must be determined in accordance with the facts as they exist at the time of *201 the accident and death. LSA-R.S. 23 :1252, 1254. Of such “other dependents” are members of the family or household of the deceased employee. A provision of LSA-R.S. 23:1253 reads, in part, that
"No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.” (Emphasis supplied.)
In construing the language of the quoted provision of the statute, the Supreme Court observed, in Archibald v. Employers’ Liability Assur. Corporation, 202 La. 89, 11 So.2d 492, 494 (1942), that a person, to be a member of the family of a deceased within the meaning of the Workmen’s Compensation Act need not be a blood relative nor bear to him the relationship of husband or widow or lineal descendant or ascendant, brother, sister, or child. It was there stated:
“All that is required is a family or household and the existence of the dependency of a member thereof as illustrated by the facts of the particular case.”
A question for determination in Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951), was whether a deceased employee’s concubine’s minor nephew, living in the household maintained by the deceased and his concubine, supplied with food, clothing, and other necessities almost entirely from deceased’s wages, was a dependent member of the deceased’s household and, as such, entitled to compensation because of the employee’s accidental death. Appropriate to the facts of the instant case is an observation therein made:
“Admittedly such minor was not an offspring of the deceased employee. He was born of the marriage of Angie Lee Williams and Horace Patin, a brother of decedent’s concubine, Mary Patín. The evidence preponderately shows, however, that at the time of the death of Joe Johnson and continuously for almost twelve years prior thereto he lived in the household maintained by such decedent and Mary Patin as their adoptive child, he, at a tender age, having been turned over to them by his mother for rearing. It is true that during that period Horace Patin occasionally gave trivial sums to his son on irregular visits to him and, some five years preceding Joe Johnson’s death, caused to be made in his favor a United States Army allotment of $25 per month which endured for only five and one-half months. Also, Mary Patin at times performed odd jobs such as sewing and washing, the small remuneration from which went to care for household expenses and benefitted the minor indirectly and slightly. But his food, clothing and other required necessities of life were supplied principally, almost entirely, from the earnings of the deceased employee; and, as a result, it must be concluded that he was wholly dependent on decedent for support at the time of the latter’s death within the contemplation of the statute. Furthermore, by virtue of that dependency and his living as a member of the family of decedent, although unrelated by blood, the minor is entitled to receive compensation as a total dependent unless, as counsel for defendants contend under their second defense, the proved and recognized claim of decedent’s partially dependent mother forecloses or precludes such minor’s rights thereto.”
See, also: Archibald v. Employers’ Liability Assur. Corporation, supra; Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1944). To the same effect is the holding of the First Circuit in Darce v. Calcasieu Paper Company, La.App., 1956, 85 So.2d 659. There, it was concluded that, where grandchildren lived in the home of a grandfather and received their sole support from him for several years prior to his death, they were “other dependents,” mem *202 bers of his family or household, and as such entitled to compensation notwithstanding that their mother, who was gainfully employed, was under a moral and legal obligation to support them but who, nevertheless, failed to do so.
The burden to establish entitlement to compensation of those not conclusively presumed to be dependent rests upon such "other dependents.” Haynes v. Loffland Bros. Co., 215 La. 280, 40 So.2d 243 (1949); Thompson v. Vestal Lumber & Mfg. Co., supra; Hooper v. Southern Pulpwood Insurance Company, La.App., 2d Cir. 1962, 140 So.2d 785 (writ denied); Lajaunie v. Rex Ice Cream Co., La.App., 1st Cir. 1952, 62 So.2d 203; Sandidge v. Aetna Casualty & Surety Co., La.App., 1st Cir. 1947, 29 So.2d 522 (writ denied); Hamilton v. Consolidated Underwriters, La.App., 2d Cir. 1944, 21 So.2d 432 (writ denied). The plaintiff here, under the established facts to which we have heretofore referred, has sustained the burden of proof prerequisite to recovery. The minor is shown to have been, for a period of approximately six years and at the time of McKinley King’s accident and death, a dependent member of his household.
Recovery of compensation is of course dependent upon resolution of the issues presented by the pleas of prescription of one year and of peremption of two years. The general statutory rule is that
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” LSA-R.S. 23:1209.
Plaintiff nevertheless contends that prescription under the aforesaid statutory provision does not run against a minor until it has been supplied with a tutor. Reliance for support of this contention is placed in the provisions of LSA-R.S. 23:1234, which recites:
“In case an injured employee is mentally incompetent or a minor or, where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor at the time when any right, privilege or election accrues to him under this Chapter, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Chapter provided for, shall run, so long as such incompetent or minor has no curator or tutor, as the case may be.” (Emphasis supplied.)
It appears appropriate that we point out that the employee, McKinley King, was killed May 23, 1957. This action was filed August 10, 1963. Under these facts, it has been held that prescription did not begin to run against the minor until a tutor had been appointed. Cashio v. Thibodeaux & Standard Acc. Ins. Co., La.App., 1st Cir. 1949, 40 So.2d 31; Ross v. Louisiana Long Leaf Lumber Co., 2d Cir. 1931, 16 La.App. 264, 133 So. 804; Wells v. White-Grandin Lumber Co., 13 La.App. 696, 129 So. 171 (1930); Wilson v. Lyon Lumber Co., Orleans 1927, 7 La.App. 169; Gospel v. Southern Carbon Co., 2d Cir. 1926, 4 La.App. 272. Defendant, however, emphasizes the fact that the father and mother are living together — the marriage has never been dissolved — and that it is not necessary, under the act, that a tutor *203 be appointed; moreover, that no tutorship of children can exist during marriage when the parents are not legally separated from bed and board. The latter contention finds ample support in the jurisprudence. Blades v. Southern Farm Bureau Casualty Ins. Co., 237 La. 1, 110 So.2d 116 (1959); Acosta v. Robin, 7 Mart.,N.S., 387 (1829). Defendant further contends that, under LSA-C.C.P. Art. 4501, the father, who is living with the mother of the minor, for all intents and purposes, is the same as a tutor and, therefore, inasmuch as the father was authorized at any and all times to represent the minor, the pleas of prescription and of peremption apply in this case.
In the case of Gospel v. Southern Carbon Co., supra, instituted over two years after the death of an employee by his widow, individually and as tutrix for the minors, it was held that, although the mother had a right to claim and accept compensation for the minors without having qualified as their tutrix, nevertheless there was no law compelling her to do so and her failure or neglect in that regard was insufficient to forfeit the minors’ rights. This court, in unmistakable language disposed of all the contentions made by defendant’s counsel in the instant case. There, it was stated:
“The fact that the widow or widower of a deceased employee for any reason forfeits her or his right to claim the benefit of such compensation for herself or himself, cannot deprive the defendant minor children of their right to claim and receive it.
“If the law were otherwise, the dependent children could not, in case a father or mother survived, receive the compensation unless such father or mother willed to accept it.
“Such a rule could easily work great hardship upon dependent minor children. * * * Such was never intended by the lawmaker.
“These dependent children can no more be deprived of their rights under this act because of the negligence of the mother than they could be deprived of a legacy or inheritance because the mother refused or neglected to qualify as their tutrix and claim it for them.
“Counsel are correct in their contention that the mother in this case had a right to claim and accept the compensation without qualifying as tutrix. Under the plain letter of the Civil Code and under repeated decisions of our Supreme Court, surviving parent may appear in court and prosecute [or] defend actions for or against their minor children without qualifying as tutor or tutrix; but we are not aware of any law compelling them to do so.
“The question of parents’ responsibility for failure to qualify as tutor or tutrix and to protect the rights of their minor children is another matter. The act under consideration specifically provides that where there is a surviving parent the compensation shall be paid to him or her and that the appointment of a tutor shall not be necessary. That means, as we see it, nothing more than that the survivor is not required to qualify in order to receive the compensation for the benefit of herself and the children; but it by no means implies that the right of the dependent minors to receive compensation is dependent upon the will or disposition of the parent to accept the benefits of the act in his or her favor.
“The situation of a minor, from the standpoint of being able to claim compensation under the act in cases where the parent for any reason neglects or declines to invoke the act in his or her behalf is the same as if the minor had no parent. To hold otherwise, would be to make the minor’s right depend entirely upon the will of the parent.
“We cannot give assent to counsel’s contention, especially in view of the fact *204 that the act is to be construed liberally in favor of the employee and his dependents.
“Having held that the minors in this case, being dependents of the deceased, are entitled to compensation under the workmen’s compensation act, regardless and independent of any right accruing thereunder to the mother, and it appearing that no tutor was appointed, for them until the day on which the suit was filed, it necessarily follows that the plea of prescription is not well fotmded.” (Emphasis supplied.)
In the case of Cashio v. Thibodeaux & Standard Acc. Ins. Co., supra, it was held that the availability of a parent to represent a minor is insufficient to cause prescription to run against the minor. The court had for determination the claim of a plaintiff who was a minor, aged 20 years and 6 months when he sustained accidental injuries. His parents were living together as husband and wife. Suit was instituted after the plaintiff attained the age of 21 years but more than one year after the occurrence of the accident, but within the year after he attained his majority. The court, in overruling a plea of prescription, held that prescription did not accrue during his minority and only began to run when he reached his majority.
The aforesaid jurisprudential rule was tersely stated in 24 Tul.L.Rev. 202 at 204 that
Regardless of whether a minor has no parents, one parent, or both parents living who can bring a compensation suit in his behalf, the claim of a minor is not barred until one year after he is emancipated or reaches majority." (Emphasis supplied.)
We are therefore of the opinion, for the reasons herein assigned, that the pleas of prescription and peremption were properly overruled, as were the exceptions of no cause and of no right of action, and that, on the merits, the judgment is manifestly correct.
Hence, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.