346 So.2d 816 (1977)
Rose J. HENDERSON
v.
TRAVELERS INSURANCE COMPANY et al.
No. 11284.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
John G. Fontenot, Eunice, for plaintiff Rose J. Henderson, appellant.
Don L. Broussard, Lafayette, for defendant Travelers Ins. Co., et al., appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
Plaintiff-appellant, Rose J. Henderson, has filed this appeal from the judgment of *817 the Trial Court dismissing her suit for workmen's compensation benefits, and judgment against her on defendant's reconventional demand to return certain workmen's compensation benefits paid in the amount of $9,655.85.
George E. Henderson, decedent, was employed by Fred A. Settoon, doing business as Settoon Oil Field Contracting Company, as a heavy equipment operator. On November 30, 1971, while in the course and scope of his employment, he received injuries to his skull and as a result thereof died on December 7, 1971. Decedent was making approximately $450.00 per week at the time of the accident, and plaintiff sued for workmen's compensation benefits of $49.00 per week for 400 weeks under LSA-R.S. 23:1232, Section 1 and alternatively under Section 8, subject to a credit for benefits previously paid to her. At the time of decedent's injury and death, plaintiff was not legally married to him but they had lived together as though man and wife in excess of eleven years. Plaintiff had raised her children by a legal marriage in decedent's home; decedent had supported plaintiff and her children; plaintiff was totally dependent on decedent for support.
LSA-R.S. 23:1232, in part provides:
"Payment to dependents shall be computed and divided among them on the following basis:
(1) If the widow or widower alone, thirty-two and one-half per centum of wages.
* * * * * *
(8) If there are neither widow, widower, nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per centum of wages for one, and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents."
Plaintiff's first argument is that she should be decedent's "widow" under LSA-R.S. 23:1232(1) and allowed to recover just as though she were legally married to the decedent at the time of his injury and death. As a basis for her argument, plaintiff cites Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968) and Glona v. American Guaranty & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). The Levy case held that under LSA-C.C. art. 2315, illegitimate children could recover for the loss of their mother. The Glona case held that under Louisiana law a mother could recover for the death of her illegitimate son. We note that in the case of Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), the U.S. Supreme Court declined to extend the holdings in Levy and Glona to Louisiana's statutory scheme for intestate succession. It is also important to note that Levy and Glona both dealt with illegitimate children, who even though illegitimate were still biological children of the person killed or the plaintiff in the case. Since Louisiana does not recognize common law marriage, there is no way plaintiff herein can be anything but a concubine. Since she is not a wife, likewise she is not a widow under LSA-R.S. 23:1232(1).
We now turn to plaintiff's alternative argument that LSA-R.S. 23:1232(8) is authority for allowing plaintiff recovery. The evidence is clear that plaintiff was dependent on decedent for the entirety of her support, and that no one else was a dependent of decedent. Since decedent left neither widow, widower, child, dependent parent, and dependent brother or sister, we now consider whether plaintiff can come under the category of "other dependents" of LSA-R.S. 23:1232(8). In connection with this it is necessary to consider the second sentence of LSA-R.S. 23:1253 which reads:
"No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or a lineal descendant or ascendant, or brother or sister, or child."
*818 The Louisiana Supreme Court has given a broad interpretation to the requirement that the claimant be "a member of the family of the deceased employee" in the factual situations it has considered except for the situation presently before us. In Archibald v. Employers' Liability Assurance Corp., 202 La. 89, 11 So.2d 492 (1942), the court allowed a father-in-law, mother-in-law, and two sisters-in-law of the decedent to recover. The court, in Archibald, said that the Legislature never intended that family be given a restrictive meaning. In Thompson v. Vestal Lumber & Manufacturing Co., 208 La. 83, 22 So.2d 842 (1944) the court in allowing workmen's compensation benefits to the children, said that a woman and a deceased employee who had never married but had lived together with their children constituted his family. Nevertheless, this Court in Moore v. Capitol Glass & Supply Co., 25 So.2d 248 (La.App. 1st Cir. 1946) refused to hold that a man and woman who lived alone in open concubinage constituted a "family" within the context we have before us. Then in Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951) the Court held that a deceased employee's concubine's minor nephew who lived with decedent to be a member of his family citing the Archibald and Thompson cases. In Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958) the court did not allow a concubine to recover under LSA-R.S. 23:1232(8) saying that it was never within the contemplation of the Legislature to include under the provisions of LSA-R.S. 23:1232 a dependent who had lived in open concubinage with a deceased during his lifetime. Finally, in the case of McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971) Justice Tate writing for the court said:
"It is now settled that a member of the family household (as the present plaintiff mother is), if dependent, is entitled to recover compensation benefits when a contributing wage earner dies as a result of work-caused injuries. The dependent member of the family 1 is entitled to compensation regardless of blood relationship or the technicalities of inheritance law or of acknowledgment or not of illegitimate children. This is in view of the socio-economic purposes of the statute to provide compensation for dependents deprived of support through the work-caused death of a wage earner."
Footnote 1 to the above quotation says:
"The sole jurisprudential exception is made in the case of a dependent concubine herself, Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958), an exception still recognized, although the concubine's children and other relatives may receive compensation, see decisions cited in text, if dependent members of the household."
The above quotation is the latest expression which we were able to find by the Louisiana Supreme Court. This result seems contrary to our best interpretation of LSA-R.S. 23:1232(8) for plaintiff herein was a dependent of decedent and under the Archibald and Thompson cases, supra, she could be considered a member of his family.
Professor Wex Malone in his treatise, Louisiana Workmen's Compensation, Section 304, at page 399, commenting on this issue says:
"The writer suggests that this pronouncement is more moralistic than it is sound. No other claimant need prove his moral worthiness so long as he or she is dependent. It would seem that the fault of a dependent concubine should no more exclude her from compensation than should the fault of the employee himself. Furthermore, the position of the court ignores the well-known fact that many negro couples live in concubinage through ignorance or because of the prohibitive cost of divorce proceedings, rather than because of moral delinquency. The social need for compensation here is as great as though the dictates of convention had been met. It does not seem fair that the employer or his insurer should profit by the windfall. The only justification of the court's position is the fact that concubinage is likely to be a transitory relationship, and there is little assurance that the bereaved concubine will long remain *819 in need of compensation. This, however, is not an insuperable objection, because the Act provides an adequate means for terminating the claim when dependency ceases."
Though we feel that plaintiff herein should be allowed recovery, as an intermediate appellate court we feel ourselves bound by the latest expression of the Supreme Court in McDermott v. Funel, supra, and therefore affirm the Trial Court in denying plaintiff recovery.
We now come to plaintiff's argument that the Trial Court's allowance of defendant's reconventional demand for compensation paid in error in the amount of $9,655.85 was incorrect. Of the total figure, $3,265.85 was paid as medical expenses to the provider of services. Furthermore, $1,000.00 was paid to Ardoin's Funeral Home for funeral expenses. Defendant's obligation to pay funeral and medical expenses was in no way dependent on plaintiff's right to collect compensation. Accordingly the judgment of the Trial Court is amended so as to reduce same to $5,390.00.
For the above and foregoing reasons, the judgment of the Trial Court is amended and as amended it is affirmed. Defendant is to pay costs of this appeal.
AMENDED AND AFFIRMED.