Plaintiff appeals from a judgment in the district court which sustained exceptions of no right or no cause of action directed against her petition and dismissed her suit.
The demand is one for compensation under the Employers' Liability Law, Act 20 of 1914 and its amendments, arising out of the death, by accidental injury, of one Earl Moore, a colored man, while working for Capitol Glass Supply Company, in the City of Baton Rouge.
In her petition the plaintiff alleged that at and for a period of about six years prior to his death, she had lived with the decedent, Earl Moore, as his wife and that she was dependent on him. She affirmatively avers that there never was any ceremony performed to unite them in marriage but nevertheless they lived the life of a married couple as man and wife and were so looked upon by their friends and neighbors; that she assumed the name of the man she was living with and performed for him all of the duties of a wife while he regularly and continuously supported and cared for her as such. She also alleges that she was a dependent member of his family and as such entitled to compensation at the rate of 32 1/2% of his wages for a period of 300 weeks.
The relation described by the plaintiff as having existed between herself and the decedent, Earl Moore, had the effect of making her his common-law wife, a term which has no legal signification and an arrangement which is not recognized in the marital relation in Louisiana, as here, according to Art. 88 of the Revised Civil Code, "Such marriages only are recognized by law as are contracted and solemnized according to the rules which it prescribes." Under any other marital arrangement, a party such as the plaintiff is generally referred to as a concubine and it is conceded in this case that that is the relation she bore to the decedent.
The question that is posed therefore is, can a concubine who survives the one with whom she lives in open concubinage, recover compensation at his death from accidental injury, from the employer for whom he was working at the time, on the ground that she was a dependent member of his family within the meaning and intendment of the Workmen's Compensation Law? As already indicated the trial judge, in assigning written reasons, held that she cannot and he accordingly rendered judgment dismissing her suit.
Although in her demand for compensation plaintiff prays for judgment at the rate of percentage, that is 32 1/2% of the wage of the deceased employee and for the period of 300 weeks which is exactly what is allowed under the law to the surviving widow, she evidently realized that she could not recover as the decedent's widow for then it would not have been necessary for her to allege that she was dependent upon him, as under the statute the surviving widow is conclusively presumed to be wholly and actually dependent upon the deceased employee.
Besides, she makes the specific allegation that she was a dependent member of the decedent's family and as such entitled to compensation, and most of the argument of her counsel is devoted to the task of bringing her claim within that provision of the statute which, after enumerating those persons who are conclusively presumed to be wholly and actually dependent, directs how the question of dependency in all other cases shall be determined and eliminates anyone who is not a member of the family of the deceased or bears some specified relation to him.
The pertinent parts of that provision of the statute are found in Sec. 8, Subsec. 2(D), Act No. 242 of 1928, p. 386, and read as follows: "In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; * * *. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendent, or brother or sister, or child."
In two recent cases the Supreme Court has construed the word "family" as used in the quoted part of the section, holding in Archibald v. Employers' Liability Assurance Corp., 202 La. 89,11 So.2d 492, that in the absence of blood relatives, a mother-in-law, a father-in-law and sisters-in-law *Page 250 
who lived with the deceased employee prior to his death and were actually dependent upon him were members of his family and were entitled to recover compensation from his employer's insurance carrier, and in Thompson v. Vestal Lumber 
Manufacturing Co., 208 La. 83, 22 So.2d 842, 854, that the children who are issue of a woman and a deceased employee who had never married, and who had lived with and were dependent upon him, likewise constituted his family and should recover under that provision of the statute. Counsel for plaintiff in this case rely almost exclusively on the holding, especially in the Thompson case, to bring their client within the same provision.
The Archibald decision has application to the case before us only to the extent that it construes the word "family" as used in the act in a broad and liberal sense and holds that it is not restricted to the inclusion of blood relatives. The Thompson case may be said to have a closer connection because there the illegitimate children who were recognized as being members of the deceased employee's family were the issue of an illicit relation which had existed between him and their mother. The courts are now asked to go a step further and to hold that a man and woman alone who live in open concubinage constitute a "family" within the definition given to that word and as a consequence plaintiff is entitled to recover.
We find nothing said in either case from which it might reasonably be inferred that a concubine could have been considered a member of the "family" within the meaning of that term as used in the statute. In the Thompson case the woman herself made no demand for compensation and we find no suggestion in the opinion that if she had, she would have been considered a member of the family of the deceased employee with whom she had lived and for whom she bore children, unless it be in a sentence in which the court stated: "Therefore, in the instant case, the father and mother of the two illegitimate children, and the two children themselves, * * * might well be considered a 'family' within the limited sense in which the word is defined in paragraph 12 of article 3556 of the Civil Code. But, certainly, this group constituted a family, in the 'more extensive sense' in which the word family is used in paragraph 12 of article 3556 of the Civil Code." (Italics ours.) That statement does not, therefore, justify the conclusion that the mother would have been entitled to recover compensation as a member of "the family" even had it been demanded in her favor as well as for the children. The basis of the decision in favor of the children, as we view it, is that they were not responsible for their illegitimate status; that they had to be supported and cared for and that was the duty of their father, as much so under the Civil Code of Louisiana, as under the common law. The father had performed that duty; the children were under his control and were dependent upon him and therefore were entitled to recover compensation as having been members of his family.
The status of the plaintiff in this case is different. She is responsible for the illegal relation which she assumed and carried on with the deceased employee. There was no duty on his part to support or care for her. Either was at liberty to break off or terminate the relation at his or her own pleasure without any recourse whatever to the other. The workmen's compensation statute, being social legislation, there may be sound economic and legal reason to apply its liberal provisions to children who are the innocent victims of such illicit relations by including them in that class of dependents embodied in the deceased employee's "family", within the meaning of that term as used in that kind of legislation; but by no strained construction should the use of that word in the statute be extended so as to bring within its folds, no matter how freely it has to be interpreted, those who voluntarily enter into a relation not countenanced by the law of this State, in which there is no legal duty on the part of anyone and from which either party may retire at will.
Looking now to other authorities we have examined on the question we find in Ruling Case Law, Vol. 28 at page 776, Sec. 69, the following statement: "In considering the question as to who are members of the employee's family, 'family' is to be understood in the usual sense of the term as those persons who have an abode in common under a single head or management. Accordingly, the child who is married and living apart from the parent is not a member of the parent's family. But occasional absence will not destroy the relationship; and so, it seems, a husband or son who is at sea a large part of *Page 251 
the time may yet be a member of his family at his home port.As for the woman who cannot produce a marriage certificate thebench is cold and unsympathietic. She is not a member of theemployee's family, and consequently is not entitled tocompensation." (Italics ours.) In the footnote there is cited an annotation in L.R.A.1918F, at page 485, which reads as follows: "A woman who is living with a man as his wife, but to whom she is not legally married, is not a member of his family within the meaning of the Wisconsin statute so as to be entitled to compensation." The cases cited are Armstrong v. Industrial Commission, 161 Wis. 530, 154 N.W. 844, and Hall v. Industrial Commission, 165 Wis. 364, 162 N.W. 312, which is also reported in L.R.A.1917D, 829. In the latter case the parties had been married in another state where their marriage was valid under the law, but it was not valid under the laws of the state of their domicile and the wife was denied a claim for compensation made on the ground that she was a member of the deceased employee's family. There is also the case of Schurler v. Industrial Commission from the State of Utah and reported in86 Utah 284, 43 P.2d 696, 100 A.L.R. 1085. We find it to be directly in point especially as the provision in the compensation statute of that state with which we are concerned reads almost the same as the one in our statute and it definitely supports the contention made on the part of the defendant in this case as well as the ruling of the trial judge.
Judgment affirmed.
DORE, J., recused.