This case presents the identical question that was passed on by this court in the recent case of Moore v. Capital Glass and Supply Company, La. App., 25 So.2d 248. The issue involved concerns the right of a woman who was living with a man to whom she never was married, to recover compensation from his employer after his death which was caused by a compensable accident. There was involved also a claim on behalf of a minor but apparently that question is not before us at this time as the appeal was not taken from that part of the judgment of the lower court dismissing the same.
Counsel for plaintiff concede in argument and in brief that if the decision of this court in the Moore case is correct, the woman's claim here is barred. They strenuously urge however that in the Moore case no consideration was given to the question which they now raise regarding the difference between two persons living together in open concubinage and those same persons living together in a concubinage which is not open, but in effect, secret. They point out that in the Moore case the opinion refers to the parties having lived together in "open concubinage" and for that reason the claimant was held to be excepted from the rule of the family doctrine on the ground of public policy. They then urge that when a man and woman live together as husband and wife and hold themselves out to the public as such that that is not "open concubinage", the only kind of concubinage that is denounced by our law as being against public morals and public policy.
In support of the contention they make, counsel for plaintiff rely on a decision of the Supreme Court in the case of Succession of Lannes, reported in 187 La. 17, 174 So. 94.
The issue in that case related to the right of a man to make a donation to his concubine, which is prohibited under the terms of art. 1481 of the Revised Civil Code except to the extent mentioned therein. The decision was by a divided court, four of the justices being on the majority side and three on the minority. From a foot-note in the opinion reported in 187 La. at page 17, 174 So. at page 94, it is made to appear that because of the division of the Court and the retirement of one of the justices before the decision became final, a re-hearing ipso facto resulted and that whilst the case was thus, pending, it was compromised.
Under the circumstances and also in view of the difference of the issue that was presented in the Moore case, and in the present case we are not disposed to change our views as expressed in the Moore case especially since a writ was applied for in that case and was refused by the Supreme Court with the notation that "the judgment is correct." Moreover, we think that there is considerable and respectable authority cited *Page 178 
in the case which supports the decision rendered.
For the reasons stated, the judgment herein appealed from is affirmed at the costs of plaintiff, appellant.