LOTTINGER, Judge.
This is a suit for compensation benefits resulting from the accidental death of Joe Humphreys. The petitioners are Malacy Humphreys, the “common law” widow of Humphreys and the minor illegitimate child of Joe Humphreys. The defendants are Marquette Casualty Company and American Casualty Company. The Lower Court awarded judgment in favor of the minor child, Geranda Ann Humphreys and against the insurance companies, severally and in solido, at the rate of $9.75 per week for a period of 300 weeks together with interest but rejected the demand of Mrs. Hum-phreys for compensation for herself. Petitioner, Malacy Humphreys for herself and her minor child as well as the defendant insurance companies have appealed.
This is a companion suit to that of Holland v. Marquette Casualty Company, 95 So.2d 878 and upon which a judgment was this day rendered. We have completely discussed the facts surrounding the accident in said case, and therein held that Marquette Casualty Company was solely liable for any compensation payments which are due. The opinion as rendered in the Holland case applies to the present case, and should be read in conjunction with this case for a complete understanding of the present case.
The only distinction between the Holland case and this case is the relationship of the alleged dependents to the deceased.
The facts of the present case show that petitioner lived with Joe Humphreys as' his “common law” wife for a period in excess of twenty-five years prior to the accident. Of this illicit union, the minor child, Ger-anda Ann Plumphreys, was born on February 9, 1947. Both petitioner and the minor lived with the deceased and were depending on him as their sole means of support.
Petitioner does not claim that she is entitled to compensation as the surviving widow of the deceased but does claim to be entitled to compensation as a dependent member of his family. The child claims compensation under the same theory, i.e. as a dependent member of the family of the deceased.
Under the theory as set forth in Thompson v. Vestel Lumber & Manufacturing Co., 208 La. 83, 22 So.2d 842, there is no question hut that the unacknowledged illegitimate minor, Geranda Ann Humphreys, is entitled to compensation benefits as a member of the family of the deceased. The Thompson case went into an exhaustive study of the status of unacknowledged illegitimate children and concluded that they are considered dependent members of the family under the compensation act. . No strenuous argument has been set forth by the defendants on this score, and we, therefore, conclude that the illegitimate minor is entitled to benefits as a member of the family.
It is well settled that a “common law” wife is not entitled to compensation as a surviving widow under the provisions of the compensation act. However, the petitioner, Malacy Humphreys, attempts to distinguish her position by claiming to be a dependent member of the family instead of a surviving “common law” widow. The courts of this State in Moore v. Capital Glass & Supply Co., La.App., 25 So.2d 248, Patin v. T. L. James & Co., Inc., La.App., 39 So.2d 177 have held that the “common law” widow does not qualify as a member of the family.
Under the laws of the State cxf Louisiana, the so-called “common law”' *874 marriage is not recognized. The LSA-Civil Code, art. 90 et seq. sets up the procedure for man and woman to be united in matrimony. This is the only method of marriage known to the Civil Law of this State. The State of Louisiana further recognizes the so-called putative marriage, which requires good faith of at least one of the parties. There is no claim by petitioner that she was a putative wifé of the deceased, as a matter of fact, Article 5 of her petition alleges that she was the “common law” wife of the deceased. As such, she is just as responsible for the illegal relationship which existed between herself and the deceased as was the deceased. There was no duty on his part to support her. Either could break off or terminate the relationship at his or her own pleasure, without any recourse whatsoever in favor of one against the other. The petitioner tries to distinguish the present case from the Moore and Patin cases on the ground that in the said cases there was only the surviving “common law” widow, whereas in this case there is also a surviving illegitimate child. Said distinction has no merit. The child is merely the innocent victim of the illicit relationship between petitioner and deceased, and is protected to some extent by being included in the ' provisions of the compensation act as a dependent member of the family. No such status is afforded the “common law” widow.
In the Moore case (wherein writs were refused by the Supreme Court) Justice Le-Blanc, then a member of this court, exhaustively explored the jurisprudence and law on this point. This court was squarely presented with the question of whether a common law wife could recover in compensation as a dependent member of the family of the deceased, and after discussing the jurisprudence, and further discussing the case of Thompson v. Vestel Lumber & Manufacturing Co., La.App., 22 So.2d 842, answered the question in the negative and stated as follows:
“The basis of the decision in favor of the children, as we view it, is that they were not responsible for their illegitimate status; that they had to be supported and cared for and that was the duty of their father, as much so under the Civil Code of Louisiana, as under the common law. The father had performed that duty; the children were under his control and were dependent upon him and therefore were entitled to recover compensation as having been members of his family.
“The status of the plaintiff in this case is different. She is responsible for the illegal relation which she assumed and carried on with the deceased employee There was no duty on his part to support or care for her. Either was at liberty to break off or terminate the relation at his or her own pleasure without any recourse whatever to the other. The workmen’s compensation statute, being social legislation, there may be sound economic and legal reason to apply its liberal provisions to children who are the innocent victims of such illicit relations by including them in that class of dependents embodied in the deceased employee’s ‘family’, within the meaning of that term as used in that kind of legislation; but by no strained, construction should the use of that word in the statute be extended so as to bring within its folds, no matter how freely it has to be interpreted, those who voluntarily enter into a relation not countenanced by the law of this State, in which there is no legal duty on the part of anyone and from which either party may retire at will.
“Looking now to other authorities we have examined on the question we find in Ruling Case Law, Vol. 28 at page 776, Sec. 69, the following statement: ‘In considering the question as to who are members of the employee’s family, “family” is to be understood in the usual sense of the term as those persons who have an abode in common *875 under a single head or management. Accordingly, the child who is married and living apart from the parent is not a member of the parent’s family. But occasional absence will not destroy the relationship; and so, it seems, a husband or son who is at sea a large part of the time may yet be a member of his family at his home port. As for the woman who cannot produce a marriage certificate the bench is cold and unsympathetic. She is not a member of the employee’s family, and consequently is not entitled to compensation.’ In the footnote there is cited an annotation in L.R.A.1918F, at page 485, which reads as follows: ‘A woman who is living with a man as his wife, but to whom she is not legally married, is not a member of his family within the meaning of the Wisconsin statute so as to be entitled to compensation.’ The cases cited are Armstrong v. Industrial Commission, 161 Wis. 530, 154 N.W. 844, and Hall v. Industrial Commission, 165 Wis. 364, 162 N.W. 312, which is also reported in L.R.A 1917D, 829. In the latter case the parties had been married in another state where their marriage was valid under the law, but it was not valid under the laws of the state of their domicile and the wife was denied a claim for compensation made on the ground that she was a member of the deceased employee’s family. There is also the case of Schurler v. Industrial Commission from the State of Utah and reported in 86 Utah 284, 43 P.2d 696, 100 A.L.R. 1085. We find it to be directly in point especially as the provision in the compensation statute of that state with which we are concerned reads almost the same as the one in our statute and it definitely supports the contention made on the part of the defendant in this case as well as the ruling of the trial judge.” [25 So.2d 250.]
We, therefore, hold that the petitioner was not entitled to benefits as a member of the family of her “common law” husband.
The deceased was killed on September 27, 1955. The record shows that Geranda Ann Humphreys was born on February 9, 1947. We therefore, hold that she is entitled to compensation at the rate of $9.75 per week for a period not exceeding 300 weeks beginning September 27, 1955, with interest at the rate of 5% per annum on each past due payment from its due date until paid.
For the same reasons assigned in the companion case, Holland v. Marquette Casualty Company, the judgment of the Lower Court herein is reversed as it pertains against defendant American Casualty Company, and it is affirmed as it pertains against Marquette Casualty Company but is amended so as to include penalties and attorney’s fees and accordingly said judgment is amended so as to include penalties and attorney’s fees in favor of the plaintiff and against Marquette Casualty Company for penalties in the amount of 12% on all weekly compensation payments which are now due with a like penalty of all such payments which might become sixty days over due together with attorney’s fees payable to the plaintiff in the sum of $500. Judgment will be given to Malacy Humphreys and against Marquette Casualty Company in the amount of $197.60 as funeral expenses with interest mentioned thereon from judicial demand until paid.
As hereinabove amended the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the defendant Marquette Casualty Company.
Reversed in part; amended and affirmed in part.