345 So.2d 64 (1977)
LIBERTY MUTUAL INSURANCE COMPANY et al., Plaintiffs and Appellees,
v.
Mabel H. CAESAR, Defendant and Appellee, and
Lula Mae Hurks, Defendant and Appellant.
No. 5911.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Writ Refused June 30, 1977.
Pucheu & Pucheu by Jacque B. Pucheu, Sr., Eunice, and Guillory, McGee & Mayeux by Donald L. Mayeux, Eunice, for defendant-appellant.
Allen, Gooch & Bourgeois by Joel E. Gooch, Lafayette, for plaintiffs and appellees.
Before DOMENGEAUX, GUIDRY, and ROGERS, JJ.
DOMENGEAUX, Judge.
Plaintiffs, Liberty Mutual Insurance Company, workmen's compensation insurer, and South Louisiana Contractors, Inc., employer, filed a petition for declaratory judgment to have the court determine their obligations to defendantappellee, Mabel Caesar, and defendantappellant, Lula Mae Hurks, each of whom claim dependent death benefits under the workmen's compensation act as alleged legal surviving spouse and common law surviving spouse of John Caesar, respectively.
John Caesar was injured on December 15, 1975, during the course and scope of his employment with South Louisiana Contractors, Inc., and subsequently died on December 30, 1975.
The matter was tried and the district judge held in favor of the surviving spouse Mabel Caesar and denied recovery to Lula Mae Hurks. Defendant Lula Mae Hurks has appealed to this court. We affirm the holding of the district court.
John Caesar was the husband of Mabel Caesar. He left her approximately five years before his death and without obtaining a legal separation or divorce began to live with Lula Mae Hurks. The evidence established that defendant Hurks *65 was completely dependent on the decedent for food, clothing, and shelter. However, it was also established that Mrs. Mabel Caesar continued to receive money from the decedent to pay the mortgage note on their home and to pay various other expenses. Mrs. Caesar was gainfully employed full time; defendant Hurks was not employed. Defendant Hurks has no claim to compensation as a widow of John Caesar.[1] Louisiana Law does not recognize "common law marriage"[2], and Lula Mae Hurks was not even a putative spouse of defendant.[3]
Defendant Hurks also claims compensation as an "other dependent"[4] of decedent. The Louisiana Supreme Court has held in Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 (1958), that concubines are not entitled to death benefits under the workmen's compensation act[5] as dependents. See also to the same effect, Moore v. Capitol Glass and Supply Co., 25 So.2d 248 (La.App. 1st Cir. 1946), writ refused May 27, 1946; and Patin v. T. L. James and Co., 39 So.2d 177 (La.App. 1st Cir. 1949), writ refused May 31, 1949.
Defendant Hurks also argued that the exclusion of concubines from recovery under the workmen's compensation act was a denial of equal protection under the 5th and 14th amendments of the U.S. Constitution, citing Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Company, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). We feel that issue is pretermitted because the case has been disposed of on the basis of the Humphreys rule. Our brethren of the Second Circuit, faced with this issue in Dickerson v. Employers Mutual Liability Insurance Company of Wisconsin, 248 So.2d 852 (La.App. 2nd Cir. 1971) adequately discussed the effect of Levy and Glona, as follows:
"Plaintiff contends on this appeal the trial judge erred in holding that for a dependent spouse to recover workmen's compensation benefits for the death of her husband, she must have been either his legal or his putative wife. Appellant also complains the court was in error in not affording her relief under the equal protection clause of the Fourteenth Amendment.
Although counsel for appellant acknowledges the Supreme Court of this State has ruled adversely to his position in the case of Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 (1958), a decision which has not been overruled, he contends this decision is not in keeping with the social purpose of the Workmen's Compensation Statute and should be no longer followed in view of the rulings of the United States Supreme Court in the later cases of Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968).
Appellant argues that the principles enunciated in these cases justify this court to disregard the Humphries case as a controlling precedent. We cannot agree with this contention. The Levy and Glona cases involved different areas of the law. Levy dealt with the right of illegitimate children to bring an action for wrongful death of their mother under Article 2315 of the La.Civil Code. In the Glona case the Court considered the constitutionality of the Louisiana law excluding the mother of an illegitimate child from maintaining an ex delicto action for the wrongful death of the child. Although the Court found our state law *66 in each of these cases to be in violation of the equal protection clause of the Constitution, in the later case of Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), the court declined to extend the holdings in Levy and Glona to other areas of law in the following language:
`In this Court appellant argues that Louisiana's statutory scheme for intestate succession that bars this illegitimate child from sharing in her father's estate constitutes an invidious discrimination against illegitimate children that cannot stand under the Due Process and Equal Protection Clauses of the Constitution. Much reliance is placed upon the Court's decisions in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). For the reasons set out below, we find appellant's reliance on those cases misplaced, and we decline to extend the rationale of those cases where it does not apply. Accordingly, we affirm the decision below.'
In view of the Labine v. Vincent decision restricting the doctrines of Levy and Glona to the specific areas of law under consideration in those cases, we consider the Humphreys case to still be the controlling law of this State on the question now before us, and are constrained to follow this decision of our Supreme Court.
For the foregoing reasons the judgment appealed from is affirmed. All costs to be paid by appellant."
For the assigned reasons, the judgment of the district court is affirmed at the cost of defendant-appellant, Lula Mae Hurks.
AFFIRMED.
NOTES
[1] La.R.S. 23:1232(1).
[2] C.C. Art. 88.
[3] C.C. Art. 117 and 118.
[4] La.R.S. 23:1232(8).
[5] See note 1 in McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971) where Justice Tate, the organ of the Court, recognized the continuing validity of the Humphreys decision.

See also cases cited in The Employment Relation, Malone, Plant & Little (West 1974) at p. 435.
For arguments in favor of allowing the concubine to recover, see Judge Tate's dissent in the Humphreys decision by the Court of Appeal, 95 So.2d 872 at 876. See also Malone, Louisiana Workmen's Compensation Law and Practice, (West 1951) § 304, p. 399.