**Charles FARRELL, Plaintiff–Appellant,**

v.

**Howard PETERS, George Wilson, and Jane Higgins, Defendants–Appellees.**

No. 89–1859.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 2, 1991.

Decided Jan. 16, 1992.

Rehearing Denied March 3, 1992.

Charles Farrell, pro se.

Kimary Lee, Jan E. Hughes, Asst. Attys. Gen., Civ. Appeals Div., Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

The plaintiff, an Illinois state prisoner, brought this civil rights suit against prison officials who forbade him to correspond with his "common law" wife, an inmate of another Illinois prison, in reliance on a rule of the Illinois Department of Corrections that—the plaintiff argues—violates the First Amendment. The rule provides that "permission for committed persons to correspond between intra-state and inter-state correctional facilities shall require the approval of the Chief Administrative Officers of both facilities and shall be based on safety and security concerns." Ill.Admin.Code § 525.120(b).

 The constitutionality of the rule cannot be doubted after *Gometz v. Henman*, 807 F.2d 113 (7th Cir.1986), which involved its federal counterpart. The potential dangers from correspondence among inmates in this age of prison gangs—some nationwide in extent, *United States v. Silverstein*, 732 F.2d 1338 (7th Cir.1984)—are obvious. The plaintiff argues as a backup that the rule was applied arbitrarily to him and his "common law" wife, but he gives no particulars as to why it might have been arbitrary and since the two were criminal confederates in pimping and prostitution before they were imprisoned for those offenses the arbitrariness of the defendants' actions hardly leaps out at us.

We need not decide what if any limits on prison officials' discretion to forbid two inmates to correspond might be imposed by the "right to marry" cases, held applicable to prisoners in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The plaintiff and his "common law" wife have no marriage, common law or otherwise. They have a marriage certificate from the State of Illinois but they never underwent a ceremony and hence are not married under Illinois law. Ill.Rev.Stat. ch. 40, ¶ 201. And as Illinois does not have common law marriage, *id.*, ¶ 214, the plaintiff's allegation that the two were living together as husband and wife and sought merely to formalize their relationship cannot cure the absence of the marriage ceremony. There is no suggestion that the two might have formed a common law marriage in a state that recognizes such marriage, which would then be valid in Illinois. *Peirce v. Peirce*, 379 Ill. 185, 39 N.E.2d 990 (1942).

Affirmed.