T.C. Summary Opinion 2006-81


UNITED STATES TAX COURT


JERRY WASHINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14833-04S.                    Filed May 16, 2006.


Jerry Washington, pro se.

<u>Emile L. Hebert III</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $2,790 in petitioner's Federal income tax for the year 2003.

After concessions by respondent,[2] the issues for decision are: (1) Whether petitioner is entitled to head-of-household filing status under section 2(b), and (2) whether petitioner is entitled to claim the earned income credit under section 32.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was New Orleans, Louisiana.

At the time of trial, petitioner was not employed and was collecting permanent disability benefits. He had previously worked as a seamster for 15 years; however, it is unclear whether petitioner was employed or only collecting disability benefits during the year at issue. Regardless, on his 2003 Federal income tax return, petitioner reported $6,966 in gross income. Respondent does not challenge that amount.

During 2003, Ms. Elaine Lloyd resided with petitioner. At the time of trial, petitioner and Ms. Lloyd had been living with each other continually for at least 9 years. Petitioner and Ms. Lloyd remain unmarried. Instead, petitioner refers to Ms. Lloyd

---

[2]At trial, respondent conceded the dependency exemption determinations from the notice of deficiency. As a result, petitioner is entitled to claim dependency exemption deductions for both his common law wife, Ms. Lloyd, and one of Ms. Lloyd's children, I.L., on his 2003 Federal income tax return.

as his "common law wife".[3]  Ms. Lloyd also has three children.
During 2003, one of the children, I.L., resided solely with
petitioner and Ms. Lloyd.  The other two children resided with
Ms. Lloyd's mother.  I.L. was 14 in 2003 and attended school full
time.  Petitioner and Ms. Lloyd provided all of I.L.'s support
during the year at issue.

Petitioner filed timely his 2003 Federal income tax return
electronically.  Petitioner filed as head-of-household and also
claimed the section 32 earned income credit.  Finally, petitioner
claimed dependency exemptions for both I.L. and Ms. Lloyd, which
respondent conceded at trial.

With respect to the first issue, the claimed head-of-
household filing status for the year 2003, section 2(b) defines a
head-of-household as an individual taxpayer who (1) is not
married at the close of the taxable year and (2) maintains as his
home a household that constitutes for more than one-half of the
taxable year the principal place of abode of any person who is a
dependent of the taxpayer, if the taxpayer is entitled to a
deduction for such person under section 151.  Sec.
2(b)(1)(A)(ii).  As noted earlier, petitioner was not legally

---

[3]Louisiana, petitioner's State of residence, does not
recognize the doctrine of common-law marriage.  La. Civ. Code
Ann. art. 87 (1999); Liberty Mut. Ins. Co. v. Caesar, 345 So. 2d
64 (La. Ct. App. 1977).  Petitioner, therefore, for purposes of
this case, is treated as unmarried.  Von Tersch v. Commissioner,
47 T.C. 415, 419 (1967); Rev. Rul. 58-66, 1958-1 C.B. 60.

married during 2003; therefore, he satisfies the first prong. With respect to the second prong, respondent conceded petitioner's entitlement to the dependency exemption for Ms. Lloyd's child, I.L.  That concession satisfied the second prong of section 2(b)(1)(A)(ii), that the "taxpayer is entitled to a deduction for the taxable year for such person under section 151".  The Court, therefore, holds that petitioner satisfies the requirements of section 2(b) and qualifies for head-of-household filing status for the year 2003.

The final issue before the Court is whether petitioner is entitled to claim the section 32 earned income credit on his 2003 Federal income tax return.  Respondent reduced petitioner's earned income credit solely based on the disallowance of I.L. as a qualifying child.

In order to claim the earned income credit, a person must be an "eligible individual" within the meaning of section 32(c)(1). Petitioner contends he is an eligible individual because of his entitlement to the dependency exemption for I.L.  An eligible individual is "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A).  A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement.  Sec. 32(c)(3).  As relevant here, to satisfy the relationship requirement, the child must be a stepson or an eligible foster child of the taxpayer.  Sec.

32(c)(3)(B)(i).  An eligible foster child means an individual who is placed with the taxpayer by an authorized placement agency. Sec. 32(c)(3)(B)(iii).  I.L. is the child of Ms. Lloyd.  Because she and petitioner are not married, I.L. is not petitioner's stepson.  Further, I.L. was not placed with petitioner by an authorized placement agency.  Petitioner, therefore, is not entitled to claim the earned income credit.  Respondent's disallowance is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.