# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30433
Summary Calendar

MARIAN THOMPSON ROBINSON

Plaintiff-Appellant

v.

NEW ORLEANS EMPLOYERS ILA AFL-CIO PENSION WELFARE
VACATION & HOLIDAY FUNDS

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 05-cv-6270

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marian Thompson Robinson ("Marian") appeals the district court's order granting summary judgment in favor of Defendant-Appellee New Orleans Employers ILA AFL-CIO Pension Welfare Vacation & Holiday Funds (the "Pension Fund"). For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Marian is the widow of George Robinson ("George"). George worked as a longshoreman in Louisiana for approximately thirty-three years and earned benefits in the Pension Fund. On August 29, 1983, George took early retirement and applied for pension benefits. The Pension Fund provided a 50% Qualified Surviving Spouse benefit after the death of the pensioner, but to qualify, "the Employee must at the time of making the application for same, have been married to the qualified spouse for a period of at least 12 months immediately preceding the Approved Retirement Date." George began receiving an early retirement benefit from the Pension Fund on January 1, 1984.

Marian and George met in 1955 and dated for many years. In 1978, George moved in with Marian, and, although not formally married, they lived together as if they were husband and wife. On May 5, 1996, Marian and George were legally married in Louisiana. Marian alleges that at some time between May 5, 1996, and May 15, 1996, representatives from the Pension Fund held a meeting at the longshoreman's hall and told her and George that if George signed a "Designation of Beneficiary" naming her as the sole beneficiary under his pension plan, then the Pension Fund would consider Marian to be a qualified spouse. The Pension Fund does not dispute that this meeting took place but instead argues that any oral representations from that meeting could not modify the terms of the written plan documents.

George died on November 25, 2004. After his death, Marian applied for a surviving spouse share of his pension benefits, but the Administrative Manager of the Pension Fund told her that under the plan documents she would receive benefits only for one year after George's death. Marian appealed this decision to the Pension Fund's Board of Trustees, which also denied Marian's request for a surviving spouse benefit because she and George were not married on George's retirement date. Marian brought suit, seeking a declaratory

judgment that she is a "qualified spouse" under George's pension plan, and therefore that she has rights to all past and future benefits pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. The Pension Fund filed a motion for summary judgment, which the district court granted. The court held that Marian was not a qualified spouse because under the plan's terms a qualified spouse must be legally married to the plan participant at the time of the participant's retirement, and Marian and George were not legally married in 1984 when George retired. Marian appeals. We have jurisdiction over the district court's final order granting summary judgment pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

This court reviews a district court's summary judgment order de novo. Jenkins v. Cleco Power, LLC, 487 F.3d 309, 313 (5th Cir. 2007). Summary judgment is appropriate when, after considering the evidence, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Jenkins, 487 F.3d at 313. We must view all evidence "in the light most favorable to the non-moving party" and draw "all reasonable inferences in that party's favor." Jenkins, 487 F.3d at 313-14.

Under ERISA, when, as here, an employee benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of a plan, we review the plan administrator's decision for an abuse of discretion. See McCall v. Burlington N. Santa Fe Co., 237 F.3d 506, 512 (5th Cir. 2000).

## III. DISCUSSION

Marian argues that the Pension Fund's administrator abused his discretion in deciding that she was not a qualified spouse under the plan because he failed to take into account the time she and George lived as if they were husband and wife from 1978 to 1996. She contends that this fact, combined with

3

the information she received at the longshoreman's meeting when George signed the "Designation of Beneficiary," demonstrates that she is George's qualified spouse and is entitled to benefits. Marian's arguments miss the mark.

The plan documents state that the Pension Fund provides a survivor benefit to a "qualified surviving spouse." To be eligible for this benefit, "the Employee must at the time of making application for same, have been married to the qualified spouse for a period of at least 12 months immediately preceding the Approved Retirement Date." The plan defines a "qualified spouse" as "a spouse who has been legally married to the Employee throughout the one year period immediately preceding the earlier of the Employee's death or Annuity Starting Date."[1] The question, therefore, is whether Marian was legally married to George for at least one year on his Annuity Starting Date, which was January 1, 1984.

Marian urges this court to recognize her relationship with George at that time as a "common law marriage." However, she fails to point to any authority holding that Louisiana recognizes a common law marriage. Instead, the Louisiana Supreme Court has ruled that "a common-law marriage cannot be contracted by virtue of the law of Louisiana." Succession of Marinoni, 148 So. 888, 894 (La. 1933); see also Succession of Clements, 830 So. 2d 307, 316 (La. Ct. App. 2002) ("Louisiana law does not recognize common-law marriages. . . . Marriage in Louisiana is a legal relationship between a man and a woman created by civil contract."); Liberty Mut. Ins. Co. v. Caesar, 345 So. 2d 64, 65 (La. Ct. App. 1977) ("Louisiana Law [sic] does not recognize 'common law marriage' . . . ."). This fact proves fatal to Marian's claim. The administrator did not abuse his discretion in determining that George and Marian were not legally married when George retired because a common law marriage cannot arise

---

[1] A person also can be a "qualified spouse" even if the employee and spouse are married for less than one year on the annuity starting date if the spouse is "legally married to the Employee on his Annuity Starting Date and for at least a one year period ending on or before the Employee's death."

4

under Louisiana law. Because Marian was not a "qualified spouse" at the time George began receiving pension benefits, Marian is not entitled to any benefits as a "qualified surviving spouse."

Marian also argues that she and George relied to their detriment on the statements that the Pension Fund's representatives made at the meeting shortly after their legal marriage. She claims that the Pension Fund's officials represented that their 1996 marriage certificate, along with the signed "Designation of Beneficiary," satisfied the plan's criteria. Therefore, she contends that the Pension Fund is equitably estopped from denying surviving spouse benefits. Marian's argument essentially is that the oral representations from the Pension Fund's officials modified the plan's terms to allow a subsequently-drafted "Designation of Beneficiary" to name her as a qualified spouse.

A plaintiff must establish three elements for an equitable estoppel claim under ERISA: (1) a material misrepresentation, (2) the plaintiff's reasonable and detrimental reliance upon that representation, and (3) extraordinary circumstances. Mello v. Sara Lee Corp., 431 F.3d 440, 444-45 (5th Cir. 2005). The district court ruled that even if Marian could establish the first and third elements, it was unreasonable for her to rely on the oral statements that purportedly modified the clear definition of "qualified spouse" in the plan's terms. We agree. "ERISA-estoppel is not permitted if based on purported oral modifications of plan terms." Id. at 446 (internal quotation marks omitted). This is because ERISA requires "every employee benefit plan" to be "established and maintained pursuant to a written instrument." Id. (internal quotation marks omitted); see also 29 U.S.C. § 1102(a)(1). This makes sense, because "the writing requirement gives the plan's participants and administrators a clear understanding of their rights and obligations." Mello, 431 F.3d at 446. Marian has failed to show why it was reasonable for her to rely on an oral representation that changed the plan's requirement that she and George be "legally married"

before George's retirement date given this court's clear guidance in Mello. Therefore, she cannot make out a claim for equitable estoppel.[2]

## IV. CONCLUSION

We hold that the district court properly granted summary judgment for the Pension Fund because its administrator did not abuse his discretion when he determined that Marian and George were not legally married when George retired. Further, the district court correctly concluded that it was unreasonable for Marian to rely on an oral representation that the "Designation of Beneficiary" would make her a qualified spouse under the plan. Therefore, we affirm the judgment of the district court.

AFFIRMED.

---

[2] Marian also argues that the district court erred by not applying ERISA's summary plan description rule, which requires plan administrators to provide a summary plan description to all participants and beneficiaries that is "written in a manner calculated to be understood by the average plan participant." See 29 U.S.C. § 1022(a). Marian contends that the Pension Fund's failure to show that it distributed a summary plan description creates a factual dispute that precludes summary judgment. This argument is unavailing. Whether or not the Pension Fund distributed a summary plan description is irrelevant as to whether a person may rely on an oral representation regarding the terms of the plan. A plan is liable for failing to provide a summary plan description only if the employee first requests one. See 29 U.S.C. § 1132(c)(1); Bannistor v. Ullman, 287 F.3d 394, 407 (5th Cir. 2002) ("[ERISA] requires Appellees to make a request for such plan description before liability may be imposed, and Appellees did not make such a request."). Marian has failed to establish any connection between the Pension Fund's alleged failure to distribute a summary plan document and the reasonableness of her reliance on an oral representation, and we can conceive of none.